## Jane Fisher v. Margaret Provin.

*Husband and wife not tenants in common of lands conveyed to them jointly.* Where land is conveyed in fee to husband and wife, they do not take as tenants in common, and if one of them dies, the whole title inures to the survivor.

There is nothing in the provisions of our constitution and statutes relating to the rights of married women, which would convert such estate into a tenancy in common.

*Heard and decided July 13.*

Appeal in Chancery from Ionia Circuit.

This was a bill filed by Jane Fisher, to quiet title to the lands described therein. The facts in the case were agreed upon by stipulation, as follows, viz:

"That on the 22d day of June, 1855, Frederick Hall, of Ionia, Michigan, was the owner in fee of the lands described in the bill of complaint in this cause, and that on that day, Frederick Hall, together with Ann Hall, his wife, by warranty deed, duly executed and delivered, conveyed said lands in fee, to one Wilber Fisher, and the complainant in this cause; and that at the time of said conveyance the said Wilber Fisher, and the complainant, were husband and wife, and as grantees in said deed of conveyance they were named and described as follows: 'To Wilber Fisher, and Jane Fisher, his wife, of Ionia, Michigan,

their heirs and assigns forever.' And that under this conveyance the said Wilber Fisher and the complainant, entered and were seized in fee simple, and continued so seized until the death of the said Wilber Fisher, who died on the 9th day of May, 1861; that since which time the said complainant has been in actual possession of said lands and premises claiming title thereto.

"And that on the 16th day of July, 1862, Devilo L. Fisher, being the son of said Wilber Fisher and the said complainant, and the only heir-at-law of said Wilber Fisher, for a good and sufficient consideration, duly executed and delivered to one Mary A. Thomas, a sister of the said defendant, a quit claim deed of said lands, and that said Mary A. Thomas, on the 18th day of July, 1862, for a good and sufficient consideration, duly executed and delivered to the defendant in this cause, a quit-claim deed of said lands, and that all of the deeds herein mentioned were duly recorded in the office of the register of deeds of the county of Ionia, as mentioned and set forth in the bill of complaint in this cause, and that said defendant claims title in fee to the undivided half of said lands, by virtue of said quit claim deeds of conveyance, and that the complainant claims title in fee of all of said lands, as survivor, by virtue of said conveyance from Hall and wife, to herself and husband."

The decree below was as follows, viz :—

"That the said complainant, Jane Fisher, is the legal and equitable owner in fee simple, and is in the actual possession of the following described pieces or parcels of land" [describing them as described in the bill].

"That, by the conveyance of the above described premises, by Frederick Hall and Ann Hall, his wife, to the said Wilber Fisher and said Jane Fisher, they being husband and wife, as alleged and set forth in the said complainant's

bill of complaint in this cause, the said Wilber Fisher and Jane Fisher became seized of said premises as tenants in entirety; and that, upon the death of said Wilber Fisher, as alleged in said bill, the whole estate created by said conveyance, became vested and remains in the said Jane Fisher as survivor.

"That the deed executed by Devilo L. Fisher, on or about the 16th day of July, A. D. 1862, to one Mary A. Thomas, and recorded in the office of the register of deeds, of the county of Ionia, in liber V., of deeds, on page 655, and also that the deed executed by the said Mary A. Thomas to the said defendant, on or about the 18th day of July, A. D. 1862, and recorded in the office of the register of deeds, of the county of Ionia, in liber V., of deeds, on page 656, as alleged and set forth in complainant's bill in this cause, are null and void. And that the said Margaret Provin, her attorneys, counselors, agents, workmen, or servants, do absolutely desist and refrain from, in any manner molesting or disturbing the said Jane Fisher in the quiet and peaceable possession of her said lands above described, or from hereafter setting up any claim or title to the same."

A writ of injunction, for carrying this decree into effect, was ordered to issue. The defendant appealed from this decree.

*W. W. Mitchell,* for complainant, was stopped by the court.

*Wilson H. Gray,* for defendant.

We admit that previous to the adoption of our present constitution, and the enactment of the "married woman's act," so called, in 1855, the common-law rule, that husband and wife receiving a joint conveyance of land, took as tenants by entirety, was the law of Michigan; it having been

enacted in 1838, and subsequently in the Revised Statutes of 1846, as follows:

"SEC. 44. All grants or devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

"SEC. 45. The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife."—*Comp. L.*, §§ *2628, 2629.*

Now, however, and since the adoption of the constitution of 1850, and the act relative to the property of married women, already referred to, husband and wife no longer constitute a single person in contemplation of law. The wife may take, hold, and dispose of her separate property as though she were unmarried, and all rights and disabilities of either party growing out of the old doctrine of unity of person, have disappeared with the doctrine itself, which, being directly repugnant to both the letter and the spirit of these enactments, no longer exists.

In the schedule of the constitution (§ 1) it is enacted: "The common law and statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are altered or repealed by the legislature."

Now, it must follow, that if there be any portion of the constitution or any constitutional act of the legislature to which this common-law doctrine of tenancy by entirety is repugnant, then, that doctrine must give way to such express enactment.

Section 5, Article XVI., of the constitution reads as follows:

"The real and personal estate of every female, acquired

before marriage, and all property to which she may afterwards become entitled by gift, grant, inheritance, or devise, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, or engagements of her husband, and may be devised or bequeathed by her as if she were unmarried."

The act of 1855 carries into effect the foregoing provision in more exact terms—enabling the wife to convey.

That the common-law doctrine is repugnant to the foregoing provision must be apparent when we reflect, that to give it effect would be to prevent the wife from alienating property conveyed to herself and husband "as if she were unmarried."

THE COURT held that the complainant and her husband did not take as tenants in common; that on the death of her husband the whole title inured to the complainant, and that there was nothing in the provisions of our constitution and statutes relating to the rights of married women, which would convert such estate into a tenancy in common.

Decree below affirmed, with costs.