### ÆTNA INSURANCE COMPANY v. CHARLES RESH.

*Forfeiture of policy for misrepresentation of title.*

A policy contained a clause of forfeiture for the omission to state any material fact, and made the application of the insured a warranty. *Held* that it was avoided by the statement of the insured that his title to the property was absolute, when in fact it was held by him and his wife under the same deed.

The existence of any substantial incumbrance upon property is a material fact in insurance, whether the statements of the insured are made warranties or not.

Where property is granted to a husband and wife by the same deed, the husband is neither a tenant in common nor an ordinary joint tenant; he has no right to an undivided half of the property, and if he dies his estate goes to his wife by survivorship.

Error to Kent. Submitted Jan. 16. Decided Jan. 21.

ASSUMPSIT on insurance policy. Defendant brings error. The facts are in the opinion.

40 MICH.— 31.

*Norris & Uhl* for plaintiff in error, cited *Am. Ins. Co. v. Gilbert,* 27 Mich., 433; *Ætna Ins. Co. v. Olmstead,* 21 Mich., 246; *Van Buren v. St. Joseph County etc. Ins. Co.,* 28 Mich., 399; *Clay F. & M. Ins. Co. v. Huron S. & L. Mfg. Co.,* 31 Mich., 346; *N. Y. Central Ins. Co. v. Watson,* 23 Mich., 486; *N. A. Fire Ins. Co. v. Throop,* 22 Mich., 146; *Peoria M. & F. Ins. Co. v. Perkins,* 16 Mich., 380.

*Simonds & Fletcher* for defendant in error, cited as to the condition that the representations of the insured shall be considered warranties, *National Bank v. Ins. Co.,* 95 U. S., 673; *Elliott v. Hamilton Mut. Ins. Co.,* 13 Gray, 139; *Richmondville Union Seminary v. Hamilton Mut. Ins. Co.,* 14 Gray, 459; *American Popular Life Ins. Co. v. Day,* 39 N. J. Law, 89; *Fitch v. American Popular Life Ins. Co.,* 59 N. Y., 557; materiality of a misrepresentation by the insured is a question for the jury, *N. Y. Firemen Ins. Co. v. Walden,* 12 Johns., 513; *Columbia Ins. Co. v. Lawrence,* 10 Pet., 507; *Curry v. Commonwealth Ins. Co.,* 10 Pick., 535; *Schenck v. Mercer County Ins. Co.,* 4 Zab., 447; *Cornish v. Farm Buildings Fire Ins. Co.,* N. Y. Ct. of Appeals, 1878.

CAMPBELL, C. J.  Resh, who was with his wife in possession of a house granted to him and his wife by the same deed, obtained insurance on his furniture and other chattels and on the dwelling, describing it as "his frame building, occupied by assured for residence and hotel," etc.

Being destroyed by fire he made proof of loss, but payment was resisted because he had misdescribed his interest and concealed an incumbrance.

Reference was made in the policy to his written application which was declared to be a warranty, and the policy was to be avoided for any omission to make known a material fact.

In his application there was one express inquiry in the following form: "Question 16. Incumbrance. What incumbrance, if any?"

To this he answered, "None."

Another question was: "Title. Is your title to and interest in this property absolute? If not, state its nature and amount, and give name, interest, and amount of others concerned?"

Answer, "Yes."

The jury found these answers were filled out in perfect fairness and good faith by the agent from Resh's oral answers to his questions, and signed.

In fact, there was a $300 mortgage on the premises, given by Resh and wife.

The court below allowed him to recover for an undivided half interest in the house, one-half of the insurance money, and left the materiality of the false statements to the jury.

We think this was error. There is no room for disputing the materiality of such inquiries when both parties have made them so plainly conditions of insurance. And the existence of incumbrances would be material unless so trifling as to be manifestly unimportant, whether the conditions are or are not treated as warranties. The misrepresentation of the title was in the highest degree important. Resh had no absolutely inheritable interest at all. He was neither a tenant in common nor an ordinary joint tenant. His estate in case of his death went by survivorship to his wife, and during their lives, whatever his right may have been, it was not an undivided half of the property. It is impossible to say this was not a material misrepresentation.

There was no waiver, and the policy was avoided by the false statement.

There is no occasion, therefore, to consider the other points in the case. Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.