WILLIAM MANWARING v. SILAS POWELL ET AL.

*Equities of a mortgagee without notice of a prior mortgage—Joint title of husband and wife.*

Where a man buys mortgaged land and retains from the purchase price the amount of the mortgage, the land becomes in his hands as between himself, his vendor, and the mortgagee, a fund for the satisfaction of the mortgage.

A second mortgagee can take up the first mortgage, tack it to his own and foreclose for both.

M took a mortgage on lands which the mortgager afterwards sold subject to it to P, who reserved from the purchase price sufficient to pay it. Unknown to both P and M, there was a prior mortgage to W on the same land. When this came to the knowledge of P and M, P gave M to understand he would pay it off. Notwithstanding this, he allowed W to foreclose, and bought the land at the foreclosure sale. *Held* that this foreclosure did not extinguish the lien of M's mortgage, and he was entitled to have the land decreed to be chargeable with the amount.

Whatever would defeat a husband's title under a grant made to himself and his wife jointly, would defeat hers also, as they take by entireties. Comp. L., § 4112.

Appeal from Kent. Submitted Jan. 23. Decided Jan. 31.

BILL to charge lands with the payment of a mortgage. Defendants appeal.

*G. Chase Godwin* for complainant. If the grantee of mortgaged premises is allowed the amount of the mortgage as a deduction from the purchase price, he becomes responsible for its payment to the mortgagee, *Burr v. Beers*, 24 N. Y., 178; *Lawrence v. Fox*, 20 N. Y., 268; *Foley v. Cleveland*, 4 Cow., 432; *Arnold v. Lyman*, 17 Mass., 400; *Marsh v. Pike*, 10 Paige, 595; *Halsey v. Reed*, 9 Paige, 445; *Dorr v. Peters*, 3 Edw. Ch., 132.

*John C. Fitz Gerald* for defendants. Mortgaged property is primarily liable for the debt secured, but a grantee of the property does not assume it and is not personally liable for its payment. *Belmont v. Coman*, 22 N. Y., 438; *Hamill v. Gillespie*, 48 N. Y., 558; *Binsse v. Paige*, 1 Keyes, 88; *Weed S. M. Co. v. Emerson*, 115 Mass., 554; *Flagg v. Munger*, 9 N. Y., 483; *Packer v. Rochester, etc.,* 17 N. Y., 283.

COOLEY, J. In October, 1865, complainant received from Charles L. Moody and Lucy his wife a mortgage on certain lands in Kent county, conditioned for the payment of four hundred dollars in two years from date with interest. Moody then owned the lands, but on the sixth day of September, 1866, he sold the same to Silas Powell for the sum of one thousand five hundred dollars, all but four hundred of which was paid. The deed given to Powell was a warranty deed, containing a covenant against incumbrances, except the mortgage to complainant, and the covenant of quiet possession was made "subject to said excepted mortgage" to complainant. Complainant avers that in the negotiations between Moody and Powell it was expressly agreed that the latter should assume the payment of complainant's mortgage as so much of the purchase price of the lands, and that complainant, at Powell's request, communicated through Moody, gave a written consent to postpone payment of the mortgage for three years, which Powell required before he would complete the purchase. These averments

of complainant are supported by the testimony of Moody, and denied by Powell, but it is not disputed except in an evasive way by Powell that the amount of the mortgage to complainant was taken into account as a part of the purchase price of the lands when Powell bought. That fact is clearly established.

It appears now that, unknown to either complainant or Powell, there was a prior mortgage on the same lands held by one Wabeke. When this came to Powell's knowledge does not distinctly appear. He paid interest on complainant's mortgage regularly for seven or eight years without raising any question respecting the other. Complainant testifies that Powell himself first told him of the prior mortgage in 1874, and said he should pay it. He also says that when he called on Powell for the annual interest falling due on his mortgage in October, 1875, Powell told him to wait until the next month, as he had got the Wabeke mortgage to pay and could not on that account pay complainant's interest sooner. This statement is denied by Powell, but it is not disputed that for some reason he allowed the interest on complainant's mortgage to remain unpaid for the year last named.

Meantime Wabeke had filed a bill in equity for the foreclosure of his mortgage, making Moody, Powell and complainant defendants, and on what purported to be personal service of process, took decree December 7, 1874, for a sale of the mortgaged premises at any time after October 1, 1875. A sale was made under the decree October 30, 1875, and Powell, jointly with his wife, became the purchaser for the amount due to Wabeke and costs.

Complainant first heard of this sale three days after it was made. He testifies that he never knew of the Wabeke foreclosure proceedings and was never served with process therein. On the other hand, the officer swears that he served the process personally; but he appears not to have known complainant at that time, and it is quite possible that there may have been some mistake on his part. It is scarcely credible that com-

plainant would have allowed the Wabeke foreclosure proceedings to proceed without giving them any attention had he been aware of them, unless he had been so far quieted by Powell's assurances that he would take care of that mortgage as to have dismissed the proceedings from his mind altogether.

It is not necessary, however, to inquire into the question of fact in dispute between complainant and the officer, or into the conclusiveness, as matter of law, of the officer's return. Complainant has filed his bill setting forth all the facts as he understands them, and asking that the lands be decreed to be chargeable with the amount of his mortgage notwithstanding the Wabeke foreclosure and sale, and the court below has granted the prayer of his bill.

It is very evident that when Powell bought the lands, they became in his hands, as between Moody, complainant and himself, a fund for the payment and satisfaction of complainant's mortgage. If he had in the trade agreed to pay the mortgage, the question whether he might be charged personally with the payment would have arisen; but the court below did not charge him personally, and so far as complainant's remedy against the land is concerned, we need not look beyond the fact that Powell retained from the purchase price the amount of the mortgage for the express purpose of meeting it. *Miller v. Thompson*, 34 Mich., 10; *Crawford v. Edwards*, 33 Mich., 354. And the land being a fund in his hands for the purpose, he was not at liberty to deal with it in a manner inconsistent with the obligation. It is true that, having like complainant been ignorant of the Wabeke mortgage when he bought of Moody, the hardship of being compelled to pay that mortgage is as great upon him as it would be upon complainant; but that was one of the risks he assumed in his purchase. He now owns the land; and had complainant paid and taken up the Wabeke mortgage, he would have been entitled to tack

it to his own and foreclose for both, while on the other hand if Powell had paid and taken it up, he would have been entirely without remedy against any one except as the covenants in his deed from Moody might have afforded indemnity. And we do not think that the circumstance that he bought in the land at the foreclosure sale can help him under the circumstances. See *Huxley v. King,* ante p. 73. We are convinced from the evidence that he had given complainant to understand that he should pay off the Wabeke mortgage; and under the circumstances he was not at liberty to buy in the land to complainant's prejudice. We have no occasion to decide whether or not he might have done so had there been no such understanding.

Mrs. Powell was joint purchaser with her husband at the foreclosure sale, and the commissioner's deed was made to the two jointly. There is no showing whether any money of her own was used in the purchase, but it is said that this fact must be assumed, and that, as the *bona fides* of her action is not assailed, she is entitled to protection, and the sale consequently cannot be disturbed. But by our statute husband and wife under a grant made to them jointly take by entireties (Comp. L., § 4112; *Fisher v. Provin,* 25 Mich., 347), and therefore whatever would defeat his title would defeat hers also.

The decree must be affirmed with costs.

The other Justices concurred.