55 559 / 73 39
55 559 / 83 135
55 559 / 85 345
55 559 / 96 184
55 559 / 97 281
55 559 / 116 262, 117 454
55 559 / 119 692
55 559 / s22NW 40, 130 2 50
55 559 / 138 113

### DAVID VINTON v. WILLIAM BEAMER AND SOBIESKI BEAMER.

*Execution not leviable on husband's homestead interest.*

1. Execution cannot be levied on a husband's undivided life interest in real estate which he occupied jointly with his wife, especially if it be their homestead.

2. A life-estate granted to a man and his wife is an entirety in which both take the same and inseparable interests; neither can affect the other's rights by a separate transfer and whatever will defeat the interest of one will defeat the other's.

Error to Livingston. (Newton, J.) Oct. 23.—Jan. 14.

EJECTMENT. Defendant William brings error. Reversed.

*D. Shields* and *Jay Corson* for appellant. Neither husband nor wife can in his or her own right alien any part of premises deeded to them jointly, without the other's concurrence: Tyler on Ejectment 168; *Shaw v. Hearsey* 5 Mass. 521; *Jacobs v. Miller* 50 Mich. 119.

*J. L. Topping* and *L. S. Montague* for appellee. Estates of inheritance and for life are freehold estates: 2 Bl. Com.

119, 120; 1 Washb. R. P. 31; *Grover v. Fox* 36 Mich. 459; and within the term "real estate:" *Buhl v. Kenyon* 11 Mich. 251; all of which is liable to levy on execution: How. Stat. §§ 6108, 6166, 6170; a husband has during life entire control of land in which he and his wife have a life estate, and may convey or mortgage it for that period: *Barber v. Harris* 15 Wend. 615; *Bennett v. Child* 19 Wis. 362; if he may lease or sell property held by entireties, or may mortgage it to the extent of his life interest, it may be sold on execution against him: *Ames v. Norman* 4 Sneed 692; *Taul v. Campbell* 7 Yerg. 319; *Bennett v. Child* 19 Wis. 362; *Brown v. Gale* 5 N. H. 416; *French v. Mehan* 56 Penn. St. 289; *Brownson v. Hull* 16 Vt. 309; *Allen v. Allen* 47 Mich. 74.

SHERWOOD, J. This is an action of ejectment to recover the interest of William Beamer in about one hundred and sixty acres of land, which is claimed by plaintiff to be the use of an equal undivided one-half part thereof for and during the natural life of said Beamer. Maria Beamer, wife of William, previous to the 24th day of March, 1876, owned the entire property in question, and on that day sold and deeded to her son Sobieski, taking from him, as the consideration therefor, a life-estate therein for herself and husband, and the survivor of either of them. There were two houses upon the farm. One was the house of Mr. and Mrs. Beamer, and the other of their son Sobieski and his wife, and had been for several years. On the 10th of November, 1881, the plaintiff became the judgment creditor of defendant William Beamer, and upon an execution, levy and sale thereunder became the purchaser of the interest in the premises he now claims, and after redemption expired under his deed received upon said sale, he claims the right to maintain this suit and recover, and was permitted to at the circuit as against William Beamer, but not as to Sobieski Beamer, and defendant William brings error.

No fraud is claimed in the case. The main question argued by counsel, and the only one needful to be considered by us, is, was the interest of William Beamer in the premises described such as could be lawfully levied upon and sold

under the plaintiff's execution? We are of opinion it was not. It is not claimed it could be done at common law. Under the Constitution and laws of our State William and his wife were certainly entitled to their homestead rights in the premises exempt from levy and sale. The statutes permitting levies upon the interest of the debtor in real estate are as follows:

All the real estate of any debtor, including legal and equitable interests in lands acquired by the parties to contracts for the sale and purchase of lands, whether in possession, reversion or remainder, including lands fraudulently conveyed, with intent to defeat, delay or defraud his creditors, and the equities and rights of redemption hereinafter mentioned, shall be subject to the payment of his debts, liabilities and obligations, and may be levied upon and sold on execution as hereinafter provided. * * * How. Stat. § 6108.

That leasehold interests in lands levied upon by execution shall be sold by public vendue, between the hours of nine o'clock in the morning and the setting of the sun, at the court house or place of holding the circuit court in the county in which such lands are situated. Such levy shall be made in the manner provided by law for levying on real estate. * * * How. Stat. § 6166.

This case does not come within either of the provisions of the statute. The interest William Beamer took with his wife was a peculiar one. It was an entirety. *Fisher v. Provin* 25 Mich. 347. They both took the same estate, the same interest, and it could not be separated. The right of the one was the right of the other. Neither could by a separate transfer affect the rights of the other or his own. What would defeat the interest of one would also defeat that of the other. *Manwaring v. Powell* 40 Mich. 375. In a portion of these premises the interest of William Beamer was more than that of a joint tenant. He had in addition a homestead interest upon which the plaintiff could not levy his execution, even though it had been against both joint tenants. *Lozo v. Sutherland* 38 Mich. 168. William Beamer had no such distinctive estate in the premises as was here attempted to be sold upon the execution, and which the

55 MICH—36

plaintiff seeks to recover in his ejectment, and the court in this ejectment suit cannot invest him with it. *Etna Ins. Co. v. Resh* 40 Mich. 241.

The judgment must be reversed and a new trial granted.

The other Justices concurred.