FREDERICK SPEIER AND HENRY BUCK v. JOHN OPFER AND AUGUSTA OPFER.

*Husband and wife—Joint holding of real estate—Contract of married woman.*

A married woman cannot be held liable upon a joint contract with her husband for improvements upon real property held by them jointly, by entireties.

So *held*, where a husband and wife contracted for the erection of a building upon land which had been deeded to them jointly.

Error  to  Wayne.     (Speed,  J.)     Argued  October  18,
1888.     Decided  November  28,  1888.

*Assumpsit.*     Defendants  bring  error.     Reversed.     The
facts  are  stated  in  the  opinion.

*John  G.  Hawley,*  for  appellants.
*John  Ward,*  for  plaintiffs.

LONG,  J.  This  action  was  brought  in  the  circuit  court
for  the  county  of  Wayne  to  recover  for  work  and  labor,
and  for  material  furnished,  by  plaintiffs  in  the  erection
of  a  building  on  premises  owned  jointly  by  defendants,
who  are  husband  and  wife.     Plaintiffs  had  verdict  and
judgment  in  the  court  below  for  $297.67.     Defendants
bring  error.

On  the  trial  plaintiffs  gave  evidence  tending  to  show
that  between  October  22  and  December  7,  1883,  they  made
a  contract  with  the  defendants  jointly  for  furnishing  the
material  and  doing  the  work  in  building  and  repairing  a
dwelling-house  and  saloon  upon  premises  owned  jointly  by
the  defendants  in  the  city  of  Detroit;  that  the  contract
price  was  $308,  and  the  extra  work  done,  $12.50.  · At  the
time  the  contract  was  first  talked  over  the  defendants
were  together,  and  agreed  to  let  the  plaintiffs  know  the
next  day  whether  they  should  go  on  with  the  job.     The
next  day  Mrs.  Opfer  called  upon  the  plaintiffs,  and  said
they  should  go  forward  with  the  work.     When  the  work
was  about  half  completed,  plaintiffs  called  upon  Mrs.
Opfer  for  money,  when  she  told  them  she  had  it  in  the
bank,  and  the  next  day  would  pay  them  $100.     No  part
has  ever  been  paid.

The  claim  on  the  part  of  defendants  is  that  the  work
was  not  done  in  accordance  with  the  terms  of  the  con-
tract,  but  was  so  bad  as  to  be  practically  worthless.

Evidence was then given by plaintiffs that the work was done in accordance with the contract. The defendant John Opfer also testified that the contract was made with himself alone, and that his wife was not a party to it.

It was shown on the trial, and not disputed, that the defendants were husband and wife, and that the premises on which the work was done, had been deeded to them jointly, as husband and wife, about three months before the making of the contract, and that they occupied the premises at the time of the making of the contract, and had continued to occupy them ever since. But while the repairs were going on the defendants did not occupy exclusively the portion of the building undergoing repairs. The building was a saloon and dwelling-house together.

At the close of the testimony the counsel for defendants requested the court to instruct the jury—

1. That in this case no verdict can be rendered against Mrs. Opfer.

2. That, under the pleadings and evidence, the plaintiffs cannot recover.

These instructions the court refused to give, but submitted the questions to the jury upon the claims made by the respective parties under the contract, directing the jury that, if the contract was made with the two defendants, and the work was done in substantial compliance with the contract, their verdict must be for the plaintiffs; if not so done, then the jury should allow what the work was reasonably worth. If, however, the contract was made with John Opfer alone, and not with the two jointly, then the plaintiff could not recover.

Error is assigned upon the refusal of the court to give defendants' requests in charge to the jury, and upon the charge of the court directing the jury that if they found

the work was not in substantial compliance with the contract, yet, if they found there had been an acceptance of the work,—that is, if the defendants had the benefit of it, and availed themselves of it,—then the plaintiff should recover what the reasonable value of the work was, irrespective of the contract.

Under this charge the jury found that the contract was a joint one between the husband and wife, but made some deductions by reason of the work not having been done in accordance with the contract, and undoubtedly undertook to allow what the work was worth.

The real point in controversy here is, however, whether the wife can be held liable upon a joint contract with her husband for improvements made upon real property owned by them jointly. By the rules of the common law a married woman has no power to bind herself by contract, or to acquire to herself, and for her exclusive benefit, any right by a contract made with her. A married woman could not be sued upon a mere personal contract made during coverture, although joined with her husband, as she had no general power to contract. Whatever power the wife has to contract is conferred by the Constitution and statutes. Our statute has not removed all the common-law disabilities of married women. It has not conferred upon her the powers of a *feme sole,* except in certain directions. She has no power to contract except in regard to her separate property. How. Stat. § 6295–6297; *Jenne v. Marble,* 37 Mich. 319.

In this case the property to be improved and benefited was held by husband and wife jointly, and not as the separate property of the wife. Only at the death of the husband could the wife claim it as her separate property. During the lives of both, neither has an absolute inheritable interest; neither can be said to hold an undivided half; they take by entireties; and at the death of the

wife the whole passes at once to the husband. *Manwaring v. Powell,* 40 Mich. 371; *Allen v. Allen,* 47 Id. 74 (10 N. W. Rep. 113); *Ins. Co. v. Resh,* 40 Id. 241. Neither has such a separate interest that he or she could sell, incumber, or devise, or which his or her heir could inherit. *Vinton v. Beamer,* 55 Id. 559 (22 N. W. Rep. 40); *Fisher v. Provin,* 25 Id. 347. It is an entirety in which both take the same and inseparable interest. Neither can affect the other's rights by a separate transfer, and whatever will defeat the interest of one will defeat the other's. *Vinton v. Beamer, supra.*

This is not such separate property of the wife as the statute gives her power to make contracts in relation to. She can neither sell, incumber, nor control it while living, nor devise it at her death. It is not like property which she inherits, while she may dispose of it at will. These common-law disabilities of a married woman being only partially removed by our statutes, one who relies upon a wife's contract must show that it relates to her separate property. The wife is liable to be sued upon contracts or engagements made by her in cases where her husband is not in law liable.

In *Bassett v. Shepardson,* 52 Mich. 3 (17 N. W. Rep. 217), this Court held that the wife could not become a partner in business with her husband. This ruling is followed in *Artman v. Ferguson,* 73 Mich. ——.

In *Russel v. Bank,* 39 Mich. 671, Mr. Justice COOLEY, in speaking of a case in which a married woman had indorsed the note of a corporation, says:

"Such a contract is therefore not within the words of the statute. Neither is it within the spirit of the statute, for that had in view the relieving of the wife from disabilities which operated unfairly and oppressively, and which hampered her in the control and disposition of her property for the benefit of herself and her family. It was not its purpose to give her a general power to render

herself personally responsible upon engagements for any and every consideration which would support a promise at the common law. * * * The test of competency to make the contract is to be found in this, that it does or does not deal with the woman's individual estate. Possible incidental benefits cannot support it."

There is no conflict of authority upon this question, that the contract of a married woman, to be enforced, must have relation to her separate estate. In the present case, the property being held by husband and wife jointly, by entireties, it cannot be treated as her separate property, so that she becomes liable under the contract, even if one was made as claimed by the plaintiffs. The action cannot be maintained against the defendants jointly. As this must dispose of the case, we need not discuss the other questions raised.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.