| 83 | 131 |
| 84 | 133 |
| 84 | 134 |
| 85 | 345 |
| 83 | 131 |
| 152 | 263 |

MORGAN E. DOWLING v. ALEXIS M. SALLIOTTE.

*Husband and wife—Deed—Joint tenancy—Survivorship.*

1. A deed executed to a man and woman who are in *fact* husband and wife creates an estate in joint·tenancy under How. Stat. §§ 5560, 5561.

2. In such a case, if the *fact* of such relationship is not stated in the deed, it may be shown by parol testimony.

3. The "married woman's act," so called (How. Stat. § 6295), did not repeal by implication How. Stat. §§ 5560, 5561, in so far as they provide for the creation of an estate in joint tenancy by the execution of a deed to husband and wife; citing *Fisher v. Provin*, 25 Mich. 347.

4. The fact of the filing of a *per curiam* opinion does not detract from the *force* of the decision, nor indicate that the question was lightly treated, but rather that the Court were united in regarding the point as without force, and as not requiring elaboration.

Error to Wayne. (Hosmer, J.) Argued October 15, 1890. Decided November 14, 1890.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Morgan E. Dowling,* in *pro per.,* for appellant.

*Stewart & Galloway,* for defendant.

CAHILL, J. The question in this case is whether, where a deed is made to a man and woman who are in fact husband and wife, but such relationship does not appear upon the face of the deed, it creates a· tenancy in common or a joint tenancy under How. Stat. §§ 5560, 5561.

The conceded facts in the case are as follows: On the 3d day of March, 1858, John B. Cicotte *et al.* were the owners in fee of the lands in controversy in this cause, and on that

day, by a quitclaim deed, conveyed said lands to George Cicotte and Ellen Cicotte. On the 30th day of December, 1871, George Cicotte died intestate. On the 1st day of October, 1874, Ellen Cicotte deeded said lands to defendant, Alexis M. Salliotte. On the 25th day of March, 1890, the children of George and Ellen Cicotte, as heirs at law of Ellen Cicotte, by a quitclaim deed conveyed all their right, title, and interest in and to said lands to Morgan E. Dowling, the plaintiff. The only fact not conceded on the trial was that George and Ellen Cicotte were husband and wife. Plaintiff made no proof of it, and, when the defendant offered proof of that fact, objected, on the ground that, as the relationship was not stated in the deed, it was incompetent and immaterial to prove such relationship *aliunde*. The plaintiff claims that the deed from John B. Cicotte *et al.* to George Cicotte and Ellen Cicotte created an estate in common, and that, when George Cicotte died, his heirs became the legal owners of an undivided half of said lands, which they deeded to plaintiff. How. Stat. § 5560. The defendant claims that, at the time John B. Cicotte *et al.* deeded said lands to George Cicotte and Ellen Cicotte, the latter were husband and wife, and, although not described as such in the deed, the fact may be shown by parol testimony; that the conveyance to them created an estate in joint tenancy under How. Stat. § 5561; and that, when George Cicotte died, Ellen Cicotte, as survivor, became the legal owner of all said lands, which she deeded to defendant.

The testimony offered to show that George and Ellen Cicotte were husband and wife, was properly admitted. In fact, without such testimony the plaintiff's case would have been fatally defective. He claims under a deed from the children of George and Ellen Cicotte as the heirs at law of George Cicotte. It was an essential part of his case, therefore, to prove that these children were born in

lawful wedlock, and without such proof the defendant would have been entitled to a judgment.

The court below was also right in holding that the deed to George and Ellen Cicotte created in them an estate in joint tenancy, and that, upon the death of George, Ellen took the whole as survivor. The two sections of the statute above referred to read as follows:

"SEC. 5560. All grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

"SEC. 5561. The preceding section shall not apply to mortgages, nor to devises: or grants made in trust, or made to executors, or to husband and wife."

The plaintiff claims that section 5561 has no application to this case for two reasons:

1. Because the fact is not recited in the deed to George and Ellen Cicotte that they were husband and wife.

2. Because sections 5560 and 5561, so far as they relate to husband and wife, were repealed by implication by the married woman's act. How. Stat. § 6295.

We cannot agree with the. plaintiff in either of these views. The statute does not provide that in all grants and devises of land made to persons who are *described* in the conveyance as husband and wife they shall take as joint tenants. To give it such a meaning would be to do violence to sound rules of construction. The intention of the statute was to declare that grants and devises made to two or more persons holding *in fact* certain relations to the estate, or towards each other, should create estates in joint tenancy. To say that the existence or non-existence of this *fact* must depend upon the recitals in a conveyance would be to substitute form for substance. If the rule contended for is correct as applied to husband and wife, then it would apply also to trustees and mortgagees.

It frequently happens that a trust is declared by the. trustee by means of some writing outside of the conveyance to him, which may be in form a grant or devise in fee. A trust arises sometimes also by operation of law. In such cases would it be seriously contended that the statutes did not cover the trust-estate, because the conveyance to the trustee was silent as to the character of the grant? So also of a deed, in form absolute, but intended as security. If the fact be once established that the deed was intended as security, would not the two or more grantees named therein take as joint tenants under the statute?

In so far as the case of *Jacobs v. Miller,* 50 Mich. 119 (15 N. W. Rep. 42), seems to be opposed to this view, I cannot agree with it. I find no fault with the conclusion in that case, as applied to the particular facts then under consideration. There were reasons of great force why the recitals in the deed in that case could not be shown to be untrue, which have no application here. As at common law it was always competent to make husband and wife tenants in common by proper words in the deed or devise by which they take indicating such intention (1 Washb. Real Prop. 425), so I have no doubt it is still competent under our statute. But I do not think the mere failure to describe the grantees as husband and wife would have that effect if they sustained that relation in fact.

The second point relied on by plaintiff is, in my opinion, equally untenable. The point was expressly ruled by *Fisher v. Provin,* 25 Mich. 347. Plaintiff insists. that that case was not well considered; that no opinion was written in it for which any one of the Judges assumed responsibility; and upon this he bases the hope that the Court, as at present constituted, will be the more ready to revise and reverse it. The fact that there was a *per*

*curiam* opinion filed does not detract anything from the force of the decision, nor indicate that the question was lightly treated. It indicates only that the Court were united in regarding the point as without force, and as not requiring elaboration. Since that case, the question has been many times passed upon indirectly, and *Fisher v. Proven* recognized as law. *Aetna Ins. Co. v. Resh,* 40 Mich. 241; *Manwaring v. Powell,* Id. 371; *Allen v. Allen,* 47 Id. 74 (10 N. W. Rep. 113); *Jacobs v. Miller, supra; Vinton v. Beamer,* 55 Id. 559 (22 N. W. Rep. 40). The decision in each of these cases went upon the theory that the statutes in question were still in force as applied to husband and wife.

Much of the argument of plaintiff's counsel on this point would have greater force if it were true, as argued by him, that husband and wife took by entireties, as at common law, and not as joint tenants under our statutes. I am aware that in some of the cases just cited the language of the opinions intimates that husband and wife still hold by entireties; but to this extent there was a failure to discriminate closely. Such a holding was unnecessary to a decision of the point involved. The point to be decided in all those cases was whether, as between husband and wife claiming under a conveyance to both, the doctrine of *survivorship,* applied in favor of one upon the death of the other, and it was held that it did. But the *jus accrescendi* is as much an incident of estates in joint tenancy as of estates in entirety. 2 Cooley, Bl. Comm. 181, and note 2; 1 Washb. Real Prop. 406. Strictly speaking, estates in entirety were abolished in this State by the statute of 1846 (How. Stat. § 5559), which reads as follows:

"Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of

which, respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter."

Treating the estate of a wife, when held jointly with her husband, as one of joint tenancy, there is nothing in the married woman's act which is opposed to it in spirit. The wife has the same quality and degree of title as her husband, and can do as much with it.

The case of *Meeker v. Wright*, 76 N. Y. 267, cited by plaintiff, was based on the doctrine of the common law, and held that, as it was inconsistent with the married woman's act, it must give place to it. The reasoning of that case does not apply in this State, for the reasons pointed out.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. MORSE, J., did not sit.