HENRY H. APLIN, AUDITOR GENERAL, v. OLIVE B.
FISHER.

*Municipal corporations—Public improvements—Petition by property-
holders—Authority of administrator and guardian—Hus-
band and wife—Estate of entirety.*

1. Parol testimony is admissible to show that joint grantees are
   husband and wife where the fact of such relationship is not
   stated in the deed. *Dowling v. Salliotte,* 83 Mich. 131.

2. The *fact* whether or not the requisite number of persons have
   signed a petition for the improvement of a street, when the
   power to make it depends upon the signatures to the petition
   of a given number or proportion of the property-holders to be
   affected, can be inquired into, and the want of such number
   of signatures shown as a defense, in an action to collect the
   assessment, if the statute governing the proceeding does not
   provide that the determination of the proper municipal board
   shall be *conclusive* on the subject.

3. Neither a guardian nor an administrator has authority to bind
   the estate by signing a petition for the improvement of a high-
   way presented to a township board under a statute requiring
   such petition to be signed by a majority of the *resident prop-
   erty-holders* upon such highway; nor can a husband, who
   occupies land under a contract running to himself and wife
   *jointly,* be counted as such resident property-holder, unless the
   petition is also signed by his wife.

Appeal from Kent. (Grove, J.) Argued November 12,
1890. Decided December 24, 1890.

Petition for sale of lands delinquent for taxes, under
Act No. 195, Laws of 1889. Petitioner appeals. Affirmed.
The facts are stated in the opinion.

*Smiley & Earle,* for petitioner, contended:

1. The township board acts as a judicial body in considering mat-
   ters presented to it; citing *Wall v. Trumbull,* 16 Mich. 228.

2. The township board is given jurisdiction over the subject-matter

of street improvements by the statute, it being necessary, however, before that jurisdiction is called into exercise in any particular case, that the property-holders set it in motion by filing a petition. In this case the board investigated the question as to sufficiency of the number of signers, and adjudicated and determined that the requisite number had signed, which determination is conclusive against all collateral attacks, and can only be reviewed in some direct proceeding to attack the same; citing *Stoddard v. Johnson*, 75 Ind. 20; *Montgomery v. Wasem*, 116 Id. 343; Elliott, Roads, 383.

*C. H. Gleason*, for defendant, contended for the doctrine stated in the opinion.

Morse, J. This case arises from a proceeding in the circuit court for the county of Kent, in chancery, by the Auditor General, under the general tax laws, to obtain a decree for the sale of certain lands for the non-payment of a tax assessed thereon in the year 1887.

The lands are situated in the township of Grand Rapids, on what is known as "Fisher's Second Addition to the City of Grand Rapids," and upon the east side of East street, which street separates the city from the township. In 1887, the township and city authorities caused said East street to be graded and improved between Cherry street on the north, and Hall street on the south. This improvement was attempted to be made under Act No. 313, Local Acts of 1875, as amended by Act No. 353, Local Acts of 1877. Under these acts, the township board attempted to unite with the board of public works of the city for the joint improvement of this street, the center line of which is the boundary line between the city and township. In this case we have only to deal with the proceedings of the township board.

It appears that two petitions were presented to the township board for the grading of East street. The first one was filed with the township clerk, June 12, 1887. June 18, same year, the township board met, and this

84 Mich.—9.

petition was laid on the table indefinitely. July 16, 1887, at another meeting of the board, it was resolved "that a new petition, with a majority of the resident property-holders, will be considered." July 23, 1887, a second petition was presented, and a motion made and carried that the petition be placed on file, and "that the prayer of the petitioners be granted." In the record of this meeting, the petition is set out in full, as is also the determination of the township board that a majority of the resident property-owners favored the proposed improvement. A resolution was also passed declaring the same a necessary public improvement. At a meeting held August 5, 1887, it was resolved that the petition be re-presented, and the action of July 23, 1887, was canceled, and so marked on the records of that meeting. August 22, 1887, a petition identical in words and signatures with the one of July 23, 1887, was received and filed by the township board. Acting upon this, the board determined that it was signed by a majority of the resident property-holders, and proceeded to make the improvement. The township board established a district deemed to be benefited by the proposed improvement, and upon which the cost thereof should be assessed, and let the contract under which the township's share of the work was done, and commissioners were appointed, who made an assessment roll containing the descriptions of the lands, the names of the owners thereof, and the tax assessed upon the same.

The defendant refused to pay the taxes assessed upon her lands for this improvement, and such lands were returned as delinquent, and included in the petition of the Auditor General in this proceeding, which was commenced by the filing of petition January 14, 1890. The defendant appeared and answered, filing her written

objections to the validity of the tax. The court found that the assessment levied for the cost of this East-street improvement was invalid, on the ground that a majority of the resident property-holders, upon the portion of the said street so improved, had not petitioned for said improvment, and declared the proceedings void for want of jurisdiction. The petition of the Auditor General, so far as it related to the defendant's land, was dismissed. The Auditor General appeals to this Court.

The court below was right, and the petition, as against defendant, was properly dismissed. The first petition cannot be used to bolster up the proceedings which were had on the last petition. There were three names of resident property-holders on the first which were not on the last petition. But as the first petition was laid upon the table indefinitely, and never used in the proceedings, these three persons must be counted as not petitioning for the improvement. Only those who signed the petition acted upon, and which petition, from the records of the township board, appears as the beginning and basis of the proceedings had in the improvement, can be counted in favor of the same. The statute provides that the improvement is to be made "upon petition of a majority of the resident property-holders upon such highway or street." We are convinced from the testimony that the circuit judge was correct in his finding of fact that such majority was not obtained to the petition for improvement in this case. There were only 11 signatures to the last petition, and there was certainly the same number, if not more, of resident property-holders who did not sign it.

Three of the 11 names to the petition are challenged, to wit:

1. A. S. White, who lived with his four minor children upon lands owned by the children. He signed as guardian, but he had no power or authority to do so. His power

over the real estate was limited to leasing it, and to the reception of rents and profits. *Kinney v. Harrett*, 46 Mich. 89. The statute authorizes the guardian, when licensed, under proper and stated proceedings, by the probate court, to sell or mortgage the real estate of his wards. But it is shown that the probate court did not authorize White to sign this petition, and we doubt if such court has the power to do so, as there is no statutory provision authorizing it.

2. James Dolbee, who signed as administrator. He also had no power or authority to bind the estate of which he was administrator. His signature cannot count.

3. George W. Thayer, Jr. Thayer and his wife were residents upon land which they held under contract which ran to them jointly. It is contended by defendant that his name cannot be counted, as he could not bind the property unless his wife joined with him; citing *Jacobs v. Miller*, 50 Mich. 124. The evidence shows that the contract ran to George W. Thayer, Jr., and Jessie Thayer; that Jessie Thayer was the wife of George W., and lived upon the property with him as his wife at the time of the signing of the petition. It is claimed by the State that, inasmuch as the land contract did not show upon its face that Jessie was the wife of George W. Thayer, Jr., and that fact must be shown outside of the deed and by oral evidence, their estate in the land was held as tenants in common. This is not the law. If the estate of *both* was created at the *same time* in *one* instrument, and they were at the time *in fact* husband and wife, their interest in the land was an entirety, and nothing that one could do would bind the other as to such interest. Therefore, under the manifest spirit and intent of the statute, the name of George W. Thayer, Jr., could not be counted as a resident property-holder unless his wife also signed the petition. The fact that they were

husband and wife could be shown by oral testimony. *Dowling v. Salliotte*, 83 Mich. 131.

There were also upon lands fronting upon east street, and included in this improvement, two churches; one, the Holland Church property, was also occupied by a parsonage, in which the minister resided. In both churches the regular services and business meetings of the church societies were held. It is claimed that these two church societies must be regarded as resident property-holders, under the statute, and must be counted among those not signing. It is not necessary, for the purposes of this case, that this question shall be here determined; but we are of the opinion that the church corporations must be considered as resident property-holders.

It is contended by the counsel for the Auditor General that, the township board having determined upon investigation that a majority of the resident property-holders had signed the petition upon which such board acted, their finding and determination is final and conclusive againt all collateral attacks, and can only be reviewed in some direct proceeding. The statute does not provide that this determination of the township board shall be conclusive, and, in the absence of such a provision, the rule is well settled that the fact whether or not the requisite number of persons have signed a petition or given assent to pave or improve streets, when the power so to pave or improve them depends upon a given number or proportion of the proprietors to be affected, can be inquired into; and that the non-assent may be shown as a defense to an action to collect the assessment. See Dill. Mun. Corp. (3d ed.) § 800. See, also, *Twiss v. City of Port Huron*, 63 Mich. 528; *Mulligan v. Smith*, 59 Cal. 206; Cooley, Tax'n (2d ed.), 657.

There were other objections to the tax which we do not

deem it necessary to notice. The want of jurisdiction, as above shown, defeats the tax.

The decree of the circuit court, as far as it affects the defendant, will be affirmed.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred with MORSE, J.

CAHILL, J.    I concur in the result, but I adhere to the opinion expressed in *Dowling v. Salliotte*, 83 Mich. 131, that estates in entirety are abolished in this State by statute.