MORRILL *v.* MORRILL.

1. HUSBAND AND WIFE — TENANCY BY ENTIRETIES — RIGHTS OF WIFE.

A wife has no right to a share of the crops grown on land owned by her and her husband as tenants by the entirety, since at common law the exclusive control of such property was in the husband, and our married women's act (3 Comp. Laws, § 8690) is not applicable to such estates.

2. SAME—VERBAL AGREEMENT.

A verbal agreement between husband and wife that she shall have an equal share in the profits of land owned by them in entirety is void as an attempt to control the deed by parol.

Appeal from Van Buren; Carr, J. Submitted April 13, 1904. (Docket No. 53.) Decided November 9, 1904.

Bill by Frank E. Morrill against Cora Morrill to restrain the removal of certain crops. Defendant filed an answer in the nature of a cross-bill, asking for the appointment of a receiver and for an accounting. From a decree for defendant, complainant appeals. Reversed, and decree entered for complainant.

*Thomas J. Cavanaugh* and *L. A. Tabor*, for complainant.

*W. G. Howard* and *A. Lynn Free*, for defendant.

CARPENTER, J. The parties to this suit are husband and wife. They were married about 13 years ago. In December, 1901, they separated, and shortly afterward defendant filed a bill for divorce, which, upon a hearing, was dismissed. They own 80 acres of land as tenants by the entirety, upon which, in 1903, complainant had a crop of grapes. Defendant undertook to harvest this crop. Complainant filed this bill to enjoin such action. Defendant filed a cross-bill averring that she contributed the money

for the purchase of this property under a verbal agreement that, while the title should be taken as it was, she should have an "equal share in the profits arising from said premises." Upon this ground, as well as upon the ground that she had a similar right as a tenant by the entirety, she prayed for an accounting, and that the property be placed in the hands of a receiver. The controversy was heard by the lower court, and the prayer of this cross-bill granted.

Two questions are raised by this appeal: *First.* Has the wife a right to a share of the crops growing on lands held by her and her husband as tenants by the entirety? If the wife has a right to compel her husband to account for a share of the crops on land held by entireties when they are living separate, as in this case, she cannot be denied that right when they are living together. If she has such a right, it becomes important to determine where she obtained it. The common law certainly gave her no such right; for, according to its principles, the exclusive right to dispose of the crops and use the proceeds as he saw fit belonged to the husband. See *Pray* v. *Stebbins*, 141 Mass. 219; *Buttlar* v. *Rosenblath*, 42 N. J. Eq. 651; *Bertles* v. *Nunan*, 92 N. Y. 152. It follows, therefore, that if the wife has that right now she obtained it as the result of some statute of this State. The only statute which it can be claimed has any bearing on this subject is our married women's act. Section 8690, 3 Comp. Laws. I think it must be conceded that the decisions of this court have determined that this statute has no application to estates by entirety. See *Fisher* v. *Provin*, 25 Mich. 347; *Vinton* v. *Beamer*, 55 Mich. 559; *Speier* v. *Opfer*, 73 Mich. 35; *Naylor* v. *Minock*, 96 Mich. 182; *Dickey* v. *Converse*, 117 Mich. 449; *Doane* v. *Feather's Estate*, 119 Mich. 691. I think it unnecessary to determine whether the husband's exclusive control of these crops is an incident of estates by entirety, or whether, as held in *Hiles* v. *Fisher*, 144 N. Y. 306, and *Buttlar* v. *Rosenblath*, supra, it is a result of the marital unity. If

it is an incident of estates by entirety, then since, under our decisions, estates by entirety remain as at common law, that right continues to belong to the husband. If it is a result of the marital unity, the same conclusion must be reached, because we have held—as we were bound to hold—that the statute does not affect the marital unity. See *Snyder* v. *People*, 26 Mich. 106. And accordingly we have—as we were bound to do—rejected the authority of *Hiles* v. *Fisher* and *Buttlar* v. *Rosenblath*, supra. See *Dickey* v. *Converse*, supra. We are compelled to conclude from this reasoning that as a tenant by the entirety the wife has no such interest in the crops as to justify the decree complained of. It is contended, however, that the decision of this court in *Dickey* v. *Converse*, 117 Mich. 449, justifies the decree. In that case it was held that no interest in growing crops upon land held by husband and wife as tenants by the entirety was subject to seizure on an execution issued to collect a judgment against the husband; that the levy could not be supported either upon the ground that the husband owned the entire crops or on the ground that as a tenant in common he owned an interest of one-half therein which was subject to seizure. This decision proceeded upon the ground that estates by entirety at the common law continued to exist in this State, and that (quoting from *Patton* v. *Rankin*, 68 Ind. 245) " a crop raised on land held by a husband and wife by entireties is held by them in the same manner and subject to the same law as the land itself, and such crop is therefore not subject to levy and sale on an execution against the husband." To argue that *Dickey* v. *Converse* is an authority for the proposition that the wife has an interest in the crops which she did not have at common law is to argue that the conclusion reached in that case compels us to reject the premise upon which it is founded. Such an argument cannot be sound. *Dickey* v. *Converse* is, in my judgment, an authority against, rather than in support of, the proposition under consideration. It was there decided

that the husband has not—and this certainly means that the wife has not—such an interest in the crops that it might be taken on an execution. If the wife's interest in such crops cannot be taken on an execution, I do not think that it can be separated or set out to her on an accounting. I think that, construing *Dickey* v. *Converse,* as we are bound to do, in harmony with the former decisions of this court, the authority of which it recognizes, we are bound to say that, while the wife has such an interest in these crops that they cannot be taken on an execution against her husband, such interest does not interfere with his power of management, disposition, and control. Nor do I think it can be justly urged that this conclusion makes the right of the wife valueless. There may be instances— and perhaps this is one—where the wife needs legal protection from a cruel husband, who misappropriates property which in a moral sense may be characterized as a trust; but, after all, such instances are exceptional, and when they arise may ordinarily be dealt with in a suit for divorce. As a general proposition, it is of advantage to the wife and to the family that no outside person shall have the right to interfere with a husband who may be safely trusted to dispose of the profits arising from such an estate according to his judgment. It may be conceded that it is anomalous to hold that the wife's interest in this property is sufficient to prevent its being taken on an execution against her husband, and at the same time it is not sufficient to enable her to use it for her own benefit. But this is by no means a conclusive argument. The truth is, estates by entirety are anomalous. It is anomalous to hold that a wife has such an interest in the profits of such an estate that they cannot be sold for her husband's debt and at the same time to hold that they cannot be taken for her debt. It would also be anomalous to hold, as we are asked by complainant, that a wife's interest in the crops raised upon a piece of land is subject to partition and separation, and at the same time to concede, as I think we must, that her interest in the land is not.

*Second.* Can a wife make a binding verbal agreement with her husband that she shall have an equal share in the profits arising from land held by them as tenants by the entirety? If she can, then by an oral agreement the legal effect of the deed is changed, and it is settled that "no parol proof can be admitted to give the deed a different effect than such as the words in it legitimately import." *Jacobs* v. *Miller*, 50 Mich. 126.

It results from this reasoning that the decree appealed from should be vacated, and complainant be given a decree in accordance with the prayer of his bill.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.