SYLVESTER A. SOMMERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES F. SOMMERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK F. SOMMERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28723, 28725, 28726. Promulgated January 13, 1930.

*Harry J. Gerrity, Esq.*, for the petitioners.
*Philip M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

## OPINION.

MURDOCK: The petitioners, the husbands, contend that one-half of the income derived from certain property which was conveyed to themselves and their wives is properly returnable for income tax purposes by the latter. Their contention is based principally upon the theory that it was their intention to create an estate in common by the deed of October 19, 1920, each petitioner and each wife to become thereby a cotenant of one-sixth of such property.

The effect of the deed of October 19, 1920, under the law of Michigan, must be determined. The pertinent statutes, contained in volume 3, Compiled Laws of Michigan, 1915, are as follows:

11561. Sec. 43. Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which, respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter.

11562. Sec. 44. All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

11563. Sec. 45. The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife.

An examination of the decisions of the Michigan courts leads to the conclusion that despite the language of section 43, above, the common law rule of estates by the entirety still continued to exist in that State. *Fisher* v. *Provin*, 25 Mich. 347; *Insurance Co.* v. *Resh*, 40 Mich. 241; *Manwaring* v. *Powell*, 40 Mich. 371; *Vinton* v. *Beamer*, 55 Mich. 559; 22 N. W. 40; *Speier* v. *Opfer*, 73 Mich. 35;

40 N. W. 909; *Appeal of Lewis*, 85 Mich. 340; 48 N. W. 580; *Hoyt v. Winstanley*, 221 Mich. 515; 191 N. W. 213. Cf. *Sophia Weil, Administratrix*, 15 B. T. A. 965. For deeds to more than two grantees, see *Fullagar* v. *Stockdale*, 138 Mich. 363; 101 N. W. 576; *Price* v. *Pestka*, 66 N. Y. S. 297; *Dennis* v. *Dennis* (Ark.), 238 S. W. 15.

*Dowling* v. *Salliotte*, 83 Mich. 131; 47 N. W. 225, is to the contrary but in *Appeal of Lewis*, *supra*, the court had this to say of it:

With one exception, the decisions of this court are uniform that the statute (How. St. §5561) has retained such grants [estates by the entirety] to husband and wife as they exist at the common law. * * * Until the decision of *Dowling* v. *Salliotte* (Mich.), 47 N. W. Rep. 225 decided at the last October term of this court, no doubt could reasonably have been entertained as to the character of this estate under our prior decisions. * * * In *Dowling* v. *Salliotte* the result reached by the court was correct, and in accord with the decisions above cited. The wife survived the husband, and she was held to have taken by the right of survivorship. The deed did not recite that the two grantees named were husband and wife. The court held that this fact could be shown by parol evidence. It became unnecessary, in the determination of that case, to decide whether the estate conveyed was one of joint tenancy or entirety. The result would have been the same in either case. It must be freely admitted that the language of that decision, in so far as it defines the nature of this tenancy, is in direct conflict with other decisions above cited. After very careful examination of the whole subject, our conclusion is that the former decisions were correct, and that the case of *Dowling* v. *Salliotte* must, in so far as it is in conflict therewith, be overruled. * * *

In *Auditor General* v. *Fisher*, 84 Mich. 128; 47 N. W. 574, the court held in part as follows:

* * * It is claimed by the State that, inasmuch as the land contract did not show upon its face that Jessie was the wife of George W. Thayer, Jr., and that the fact that she was his wife must be shown outside of the deed and by evidence beyond it, their estate in the land was held as tenants in common. This is not the law. If the estate of both was created at the same time in one instrument, and they were at the time in fact husband and wife, their interest in the land was an entirety, and nothing that one could do would bind the other as to such interest. * * * The fact that they were husband and wife could be shown by oral testimony. *Dowling* v. *Salliotte*, *ante*, 225.

Thus, in Michigan estates by the entirety persist and it is not necessary to the creation of such an estate that grantees be described in the conveyance as husband and wife. The same rules obtain in other jurisdictions despite legislation substantially the same as the Michigan statutes above quoted. The following is from *Thornburg* v. *Wiggins* (Ind.), 34 N. E. 999:

* * * A conveyance which would make two persons joint tenants will make a husband and wife tenants of the entirety. It is not even necessary that they be described as such, or their marital relation referred to. * * *

See also *Armondi* v. *Dunham*, 220 N. Y. S. 487; *Wilson* v. *Frost* (Mo.), 85 S. W. 375. We therefore conclude that under the law of

Michigan, as well as under the common law generally, the deed in question, standing alone, would have the effect of creating estates by the entirety.

The next question for our determination pertains to the effect of the evidence introduced by the petitioners, which they claim shows that it was their intention to take as tenants in common. This evidence is far from clear and we are unable to determine from it just what the intention of the six persons was, nor are we able to determine that they shared any single intent. But in any event an intention not expressed in the deed can not change the character of the estate conveyed. It has been held that at common law a husband and wife could not take as tenants in common. *Stuckey* v. *Keefe's Executors*, 26 Pa. State 397. Cf. *Wilson* v. *Frost, supra; Thornburg* v. *Wiggins, supra; Marburg* v. *Cole*, 49 Md. 402; and *Fladung* v. *Rose*, 58 Md. 13; but see *Hunt* v. *Blackburn*, 128 U. S. 464. However this may be, it is well settled that at common law or under statutes such as those of Michigan above quoted, if other than an estate by the entirety is to be created in a husband and wife by a particular deed, there must be an expression of such an intention in the conveyance itself. There was no such expression in the deed in question.

In *Hoyt* v. *Winstanley, supra*, a Michigan case, the court states:

In this state, where the common-law rule is unchanged by statute, a conveyance to husband and wife conveys an estate in entirety, but may create one in joint tenancy or in common, if explicitly so stated in the deed. * * *

In *Thornburg* v. *Wiggins, supra*, the opinion, after quoting the Indiana statute involved, is as follows:

* * * Under a statute of the state of Michigan, similar in all its essential qualities to our own, the court held that, "where lands are conveyed in fee to husband and wife, they do not take as tenants in common," (*Fisher* v. *Provin*, 25 Mich. 347;) they take by entireties. Whatever would defeat the title of one, would defeat the title of the other. *Manwaring* v. *Powell*, 40 Mich. 371. They hold neither as tenants in common nor as ordinary joint tenants. The survivor takes the whole. During the lives of both, neither has an absolute inheritable interest; neither can be said to own an undivided half. *Insurance Co.* v. *Resh*, 40 Mich. 241; *Allen* v. *Allen*, 47 Mich. 74, 10 N. W. Rep. 113.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The whole trend of authorities, however, is in the direction of preserving such tenancies [tenancies by the entirety], where the grantees sustain the relation of husband and wife, unless from the language employed in the deed it is manifest that a different purpose was intended. Where a contrary intention is clearly expressed in the deed, a different rule obtains.

See also *Buttlar* v. *Rosenblath*, 42 N. J. Eq. 651; 9 Atl. 695; *Fladung* v. *Rose, supra;* Washburn on Real Property, vol. 1, p. 44; vol. 2, par. 1737, of Thompson on Real Property.

Counsel for the petitioner cites *Murray* v. *Kator*, 221 Mich. 101, as contrary to this doctrine. In that case property was conveyed to " Catherine Smitherman and Margaret Smitherman, heirs jointly." It was apparent that the word " jointly " was inserted after the paragraph had been written. The court held that the word " jointly " was sufficient to show that the intention of the parties was to create a joint tenancy. It is obvious at once that the facts here are vitally different. If we were concerned with an instrument which on its face was ambiguous or would admit of more than one construction, a different problem would be presented.

Estates by the entirety were created and the income from such estates in Michigan is taxable to the husbands. In *Way* v. *Root*, 174 Mich. 418; 140 N. W. 577, the court held:

> The rights of husband and wife in such an estate are purely common-law rights, to be tested and interpreted by the rules of that law as they existed before the wife was emancipated as to her individual property interests. By the common law the husband controlled his wife's estate, and had the usufruct, not only of real estate standing in both their names, but of that sole seized by his wife, whether in fee simple, fee tail, or for life. It remains the law that, while coverture continues, the husband has the control, use, rents, and profits of an estate by entirety. In this state, contrary to the general doctrine, as stated by some authorities (21 Cyc. 1201), it is held that growing crops on the land cannot be seized on execution by his personal creditors, but otherwise the general rule as to entireties remains as stated. *Morrill* v. *Morrill*, 138 Mich. 112, 101 N. W. 209, 110 Am. St. Rep. 306, 4 Ann. Cas. 1100. Under this law defendant had the possession, use, and control of the property. He was entitled to the income from it. While outside creditors might not reach it, he was empowered to take, deal with, and dispose of what it produced. He had a right to rent the property to others and collect the rent. * * *

Cf. *Pray* v. *Stebbins*, 141 Mass. 219; 4 N. E. 824; and *Bertles* v. *Nunan*, 92 N. Y. 152; 44 Am. Rep. 361.

The petitioners contend that they have waived their rights to one-half of the income and are thus relieved from tax on such portion. With this we can not agree. The evidence does not show they agreed to waive their rights. But if they did agree, the Supreme Court of Michigan has held that an agreement between a husband and wife to give the wife one-half the profits of such an estate is invalid. *Morrill* v. *Morrill*, 138 Mich. 112; 101 N. W. 209. There the wife claimed she had contributed the money for the purchase of the property under an oral agreement that she should have an equal share in the profits arising from the premises. The court held that neither by virtue of the estate nor under the invalid agreement did she have any such right. In this connection the court said:

> The common law certainly gave her no such right; for, according to its principles, the exclusive right to dispose of the crops and use the proceeds as he saw fit belonged to the husband. [Here cases are cited.] It follows,

therefore, that if the wife has that right now she obtained it as the result of some statute of this state. The only statute which it can be claimed has any bearing on this subject is our married woman's act. Section 8690, Comp. Laws 1897. I think it must be conceded that the decisions of this court have determined that this statute has no application to estates by entirety. * * *

Even if these reasons were not available, we would still hold the income taxable to the husbands. We have heretofore held that a person's tax liability can not be lessened by a transfer of income already earned, or expected to be earned. The very act of transfer is an exercise of enjoyment of the fruits of ownership of property, and measures the transferor's ability to contribute to the cost of government. See *Ella Daly King, Executrix*, 10 B. T. A. 698, and cases there cited.

Although the point is not raised by counsel for the petitioners, it is possible that some of the property conveyed by the deed of October 19, 1920, was personalty. Since, however, the petitioners failed to make any segregation of the value of such property from the value of the real estate conveyed and failed to make any segregation in the rent, it is not necessary to discuss whether a different rule might apply as to personalty.

Reviewed by the Board.

*Judgment will be entered for the respondent.*