## ANNA E. RUSSEL v. THE PEOPLE'S SAVINGS BANK.

*Married woman not personally liable on her indorsement to secure the debt of a corporation in which she is a stockholder— Comp. L., § 4803.*

The Married Woman's Act does not empower a woman to make a contract of suretyship; and she is not personally liable upon her indorsement of a note due to her when the indorsement is given to secure the debt of a corporation in which she holds stock.

A married woman may be personally liable upon her indorsement of paper due to herself, upon an affirmative showing that it was directly for the advantage of her own estate.

Contracts for the benefit of the estate of a corporation are not to be regarded as contracts for the benefit of any one of its corporators.

A married woman's power to make contracts depends, under Comp.
L., § 4803,.upon whether the contract deals with her individual
estate: it cannot be supported by possible incidental benefits
such as she might receive as one of a corporation from a con-
tract made in its behalf.

Error to Superior Court of Detroit. Submitted Octo-
ber 25. Decided November 21.

ASSUMPSIT upon a promissory note against the Ham-
tramck Iron Works as principal and Anna E. Russel as
indorser. Mrs. Russel brings error.

*Henry Russel* and *Chas. A. Kent* for plaintiff in
error. Indorsement by a married woman of a note due
to her, as security for the debt of a corporation in which
she holds stock, may transfer the property in the note
(*Watson v. Thurber*, 11 Mich., 457) but does not make her
personally liable, *Heburn v. Warner*, 112 Mass., 271;
where a married woman gave a note and mortgage to
secure a loan made to her son, the note and mortgage
were held void in law, but the debt was a charge on
the mortgaged estate, *Spencer v. Humiston*, 9 Hun, 71;
a promise by a stockholder to pay the debt of the cor-
poration is a promise to pay the debt of another,
*Hanson v. Donkersley*, 37 Mich., 186.

*C. J. O'Flynn* for defendant in error. A married
woman has the same power in regard to her individual
property that she would have if unmarried (Comp. L.,
§ 4803) and an unmarried woman can make any con-
tract with regard to her property that a man could make
with respect to his own property, Comp. L., § 4204; *Glo-
ver v. Alcott*, 11 Mich., 489.

COOLEY, J. The suit against Mrs. Russel in the court
below was upon a contract of indorsement. It appears
that the Detroit Car Works, a corporation in which she
was a stockholder, was indebted to the Savings Bank
upon a note which was about to be sued, and that to

prevent suit she indorsed over to the bank a note held by herself against the Hamtramck Iron Works. This last note does not appear to have been received in exchange for the other, though the note against the Car Works was surrendered; but it was held by the bank as collateral security, and as it exceeded the other note in amount, there would have been a balance to return to Mrs. Russel had it been paid. No payment being made upon it, this suit was brought.

When the indorsement was made, Mrs. Russel was and now is a married woman. Under the statute (Comp. L., § 4803) she was empowered to contract, sell, transfer, mortgage, convey, devise and bequeath her own property and in the same manner and with the like effect as if she were unmarried. Therefore no question can arise respecting her right to transfer the note to the bank by indorsement. Nor, had the transfer been made for any purpose of her own, could her liability on the indorsement have been questioned. She might have purchased property with it, and thus pledged her personal responsibility. *Tillman v. Shackleton*, 15 Mich., 447; *Campbell v. White*, 22 Mich., 178; but affirmative proof that the contract concerned her own estate would have been essential. *Powers v. Russell*, 26 Mich., 179; *Emery v. Lord*, 26 Mich., 431.

But a contract of suretyship is not one by which the woman contracts, sells, transfers, mortgages or conveys her own property or any part of it. She sells nothing by it, buys nothing by it, gives a lien upon nothing by it. She pledges merely her personal responsibility, having in view only the benefit of another, and not any advantage to her own estate. Such a contract is therefore not within the words of the statute. Neither is it within the spirit of the statute, for that had in view the relieving of the wife from disabilities which operated unfairly and oppressively, and which hampered her in the control and disposition of her property for the benefit of herself and her family. It was not its purpose

to give her a general power to render herself personally responsible upon engagements for any and every consideration which would support a promise at the common law. This has been so fully explained heretofore that nothing further need be said concerning it. *DeVries v. Conklin*, 22 Mich., 255; *West v. Laraway*, 28 Mich., 464.

But it is said that in this case the suretyship was for the benefit of a corporation in which Mrs. Russel was a stockholder, and therefore she must be supposed to have had in view in making it her own interest in the corporation. Mrs. Russel, however, was not identified with the corporation otherwise than as having an interest in it; the legal identity of each was distinct, and contracts for the benefit of the corporate estate were in no sense contracts for the benefit of the estate of one of its corporators. *Talbot v. Scripps*, 31 Mich., 268. It is true that if it resulted advantageously, it might eventually bring incidental benefit to the stockholders, but on the other hand it might also bring incidental injury; and whether beneficial or injurious, the result would have been indirect and circuitous, following not directly a contract made on her own behalf, but remotely a contract made on behalf of another.

It is not enough that such possible indirect benefits are looked for, in a contract of suretyship, for these may be in view in many cases, and especially when the wife becomes surety for the husband. The test of competency to make the contract is to be found in this; that it does or does not deal with the woman's individual estate: possible incidental benefits cannot support it. Tested by this criterion this contract of indorsement, so far as it involves a personal responsibility, must fail. Mrs. Russel has contracted for the advantage, not of her own estate, but of a corporation with which she is no more identified in law than she is with her husband or any third person. Even if presumptive incidental benefit could support her contract, it could not be supported under these circumstances, for by pledging her

own responsibility for the corporate debt she would only put a large share of her estate at risk in the corporate business, and if any presumption could arise from this, it would be that it was prejudicial rather than advantageous.    But there is no occasion to indulge in presumptions one way or the other; it is sufficient that the contract is one of suretyship merely, and as such is not one the statute empowers a married woman to make.

The judgment must be reversed with costs, and a new trial ordered.

CAMPBELL, C. J. and GRAVES, J. concurred; MARSTON, J. did not sit in this case.