JOHN CURTIS v. BRIDGET CROWE.

*Husband and wife—Contract for erection of building on land held jointly—Liability of wife.*

A wife cannot make a valid contract for the erection of a building upon land owned by herself and husband jointly (*Speier v. Opfer*, 73 Mich. 35), but is liable for labor done thereon, at her request, *after* the husband's death.

Error to Wayne. (Gartner, J.) Submitted on briefs February 6, 1889. Decided February 8, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles Flowers* (*Edwin F. Conely*, of counsel), for appellant.

*Chamberlain & Guise*, for plaintiff.

CHAMPLIN, J. Prior to January 20, 1886, William J. Fowler contracted to sell and convey to Thomas Crowe and Bridget Crowe, his wife, lots 1 and 2 of Woodbridge's subdivison of outlot 109, Woodbridge farm, on Trumbull avenue, in the city of Detroit.

Plaintiff, being a carpenter and builder, on January 20, 1886, entered into a written agreement with Bridget Crowe, in which her husband did not join, to erect a

building upon said lots according to certain plans and specifications furnished by A. E. French, architect. Bridget Crowe was to furnish all the materials. Curtis· went on and performed labor. Before the house was completed, Thomas Crowe died. Plaintiff claims that, at defendant's request, he went on after the death of Thomas Crowe, and performed further labor. This was denied by defendant, who claims that she was obliged to and did procure the house to be finished by another person.

Plaintiff brings this suit to recover for labor performed both before and after the death of Thomas Crowe. The court charged the jury that defendant was liable on her contract with plaintiff for labor performed before the death of Thomas Crowe. In this the court erred. Bridget Crowe at the time was a married woman, and could only make a legal and binding contract at law in respect to her separate property. The lots upon which the building was to be erected were not her sole or separate property, but were the joint property of the husband and wife. We think the case is ruled by *Speier v. Opfer,* 73 Mich. 35 (40 N. W. Rep. 909). If plaintiff performed labor at her request after the death of Thomas Crowe, he would be entitled to recover for that. This fact should have been submitted to the jury.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.