THE EMERSON-TALCOTT COMPANY, Respondent, vs. KNAPP, imp., Appellant.

*March 6 — April 3, 1895.*

*Married women: Contracts: Individual earnings.*

A note signed by a wife with her husband to secure the payment of his debt arising out of his agency for the payee, and to procure a new contract of agency in the names of both husband and wife,. is *held* void as to the wife because having no relation to her separate estate or individual earnings, the new contract of agency not being the inauguration of a separate business by her, but merely a contrivance whereby she might become surety, not only for her husband's antecedent debt, but also for his future conduct of the business of the agency.

APPEAL from a judgment of the circuit court for La Crosse county: J. M. MORROW, Circuit Judge. *Reversed.*

The action is upon a joint and several promissory note executed by the defendants to the plaintiff. It is defended by *H. L. Knapp* alone. The defense is that at the time of the execution of the note *H. L. Knapp* was a married woman, the wife of the defendant H. A. Knapp, and that she signed the note as surety for a debt of her husband, and not in any way for the advantage of her separate estate or business.

The evidence shows that during the year 1890 H. A. Knapp, the husband, was a local agent for the plaintiff, to sell its goods at Durand; that at the end of the year's business he was found to be behind in his accounts and indebted to the plaintiff in a considerable sum; that the plaintiff had a bond from H. A. Knapp, with sureties, to indemnify it from loss; that *H. L. Knapp* signed the note in suit, with her husband, to secure the debt to the plaintiff, to release the sureties from the bond, and to procure a new contract for the year 1891 for the same business. The new contract was taken in the names of husband and wife jointly. The consideration of the note was the indebtedness of the husband, the release of the sureties, and the new contract of agency.

There was a trial by the court, and finding and judgment for the plaintiff. The defendant *H. L. Knapp* appeals.

For the appellant there was a brief signed by *John Fraser* and *C. M. Hilliard*, and oral argument by *Mr. Hilliard*.

*Wm. E. Plummer*, for the respondent.

NEWMAN, J. The right of the plaintiff to recover turns upon the question of the ability of the defendant to bind herself at law by the contract she undertook to make, rather than upon any question of the adequacy of consideration. Granted the capacity to make the contract, there could be no question of the adequacy of the consideration. But the ability of a married woman to bind herself at law by her contracts is limited to such engagements as are necessary or convenient to the use and enjoyment of her separate estate or to the carrying on of her separate business, or relating to her personal services. *T. T. Haydock Carriage Co. v. Pier*, 74 Wis. 582; *Fuller & Fuller Co. v. McHenry*, 83 Wis. 573; *Gaynor v. Blewett*, 86 Wis. 399. This engagement, whereby the defendant signed as surety for the payment of her husband's debt, had no relation to the more convenient use and enjoyment of her separate estate. It had no relation whatever to her separate estate, and can have none, unless the court shall hold that it became a charge and burden upon it. It did not relate to any separate business which she was carrying on in her own name. She was carrying on no separate business. Nor did it relate to her individual earnings. She had no individual earnings. Her time and service belonged to her husband. With his consent she might engage in service of which the wages should be her separate property. R. S. sec. 2343.[1] Perhaps, with

[1] Sec. 2343, R. S., is as follows: "The individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ, or payable by him, shall be her separate property, and shall not be subject to her husband's control, or liable for his debts."— REP.

her husband's consent, she could bind herself by a contract to render such service. But that is not this case. Here the business which was undertaken was to be carried on by both husband and wife jointly, and the labor and skill of the husband was to be contributed and blended with hers in a business which was not her separate business. In such a case the business is to be considered as the business of the husband, and not of the wife, and the earnings of the business are to be considered the earnings of the husband. They are not, within either the terms or intention of the statute, the "individual earnings" of the wife. It is rather labor performed for her husband and in his employ, to assist him in acquiring the products of the business and in providing for the support of the family. *Brickley v. Walker*, 68 Wis. 563; *Barker v. Lynch*, 75 Wis. 624; *Fuller & Fuller Co. v. McHenry*, 83 Wis. 573; *Hazelbaker v. Goodfellow*, 64 Ill. 238; *National Bank v. Sprague*, 20 N. J. Eq. 13; *Plummer v. Trost*, 81 Mo. 425; *Birkbeck v. Ackroyd*, 74 N. Y. 356; *Coleman v. Burr*, 93 N. Y. 17; *Blaechinska v. Howard Mission & Home*, 130 N. Y. 497.

The execution of the contract of agency for the year 1891 was not, in any view, the purchase or inauguration of a separate business by the defendant. Such might have been a sufficient consideration for her promise to pay her husband's debt. *Brickley v. Walker*, 68 Wis. 563. But, in effect, it was only a contrivance whereby the wife might become surety, not only for the husband's antecedent debt, but also for the successful conduct of the plaintiff's business by her husband for the year 1891. Such a contract is entirely beyond a married woman's capacity to contract. The note is entirely void.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.