## CALDWELL *v.* JONES.

115 129
f119 693

HUSBAND AND WIFE—JOINT NOTE—LIABILITY OF WIFE.

> A married woman is not liable on a note given by her jointly with her husband for the price of personal property purchased by them jointly.

Error to Grand Traverse; Corbett, J. Submitted October 6, 1897. Decided December 7, 1897.

*Assumpsit* by Robert Caldwell and William Loudon against Elnora Jones and E. S. Jones upon a promissory note. From a judgment for defendant Elnora Jones on verdict directed by the court, plaintiffs bring error. Affirmed.

*Patchin & Crotser*, for appellants.

*Underwood & Umlor*, for appellees.

MONTGOMERY, J. This is an action on a promissory note of $100, payable to E. F. Ferris or order, and signed by the two defendants, who are husband and wife. The

evidence offered on the trial by the plaintiffs tends to show that the note was given for a horse sold by Ferris to the defendants jointly, and the question is whether a married woman can make herself liable upon a note given jointly with her husband for the purchase of personal property by the two. The circuit judge directed a verdict in favor of Mrs. Jones.

It is clear that the effect of this undertaking of Mrs. Jones was to make herself liable as a surety for her husband, to the extent at least of one-half the note, if her undertaking is binding. It has been frequently held that the wife cannot become surety for the husband. It has also been held, and is the established doctrine in this State, that the wife is not liable generally for her engagements, nor can she make herself liable, except by contract relating to her separate estate, or by contract by which she acquires separate property. It is not enough, to charge a married woman upon her executory contract, that there is a consideration which would support a promise at the common law, or that the contract indirectly inures to her benefit. *Russel* v. *Savings Bank*, 39 Mich. 671 (33 Am. Rep. 444). In *Speier* v. *Opfer*, 73 Mich. 35 (16 Am. St. Rep. 556), it was held that a wife could not be held liable upon a joint contract with her husband for improvements made upon property owned by them jointly. The court said, "She [the wife] has no power to contract, except in regard to her separate property." So it was held in *Artman* v. *Ferguson*, 73 Mich. 146 (16 Am. St. Rep. 572), that the wife could not be held liable for goods furnished to the husband and wife as partners. The court, speaking by Mr. Justice Long, said:

"The important and sacred relations between man and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such a community of property, and a joint power of disposal, and a mutual liability for the contracts and obligations of each other."

See, also, *Bassett* v. *Shepardson*, 52 Mich. 3; *Curtis* v. *Crowe*, 74 Mich. 99.

The instruction given was proper. Judgment will be affirmed, with costs.

The other Justices concurred.