### DOANE v. FEATHER'S ESTATE.

MARRIED WOMEN — LIABILITY ON NOTE — TENANCY BY ENTIRETIES.
 The separate estate of a married woman is not liable for the payment of a note executed by her and her husband for the purchase price of lands deeded to them jointly; the wife having no such interest in an estate by entirety as would afford a valid consideration for the note.

Error to Washtenaw; Kinne, J. Submitted January 26, 1899. Decided April 18, 1899.

Edwin R. Doane presented a claim against the estate of Caroline Feather, deceased, upon a promissory note. The claim was disallowed in the probate court, and claimant appealed to the circuit. From a judgment for claimant, contestant brings error. Reversed.

*Randall & Jones*, for appellant.

*M. J. Lehman* and *Arthur Brown*, for appellee.

MOORE, J.  In 1883 a farm of 80 acres of land was deeded to Joseph Feather and Caroline Feather, his wife. In payment therefor a mortgage and four notes were given.   One of the notes is the claim involved in this proceeding.   It was a joint and several note, signed by Joseph Feather and Caroline Feather.   The only question involved is whether or not the separate property of a married woman can be reached to pay a note which she signed with her husband, given in payment for lands which were deeded to herself and husband.

It is urged upon the part of claimant that the deed of real estate to the husband and wife jointly is a proper consideration for the giving of the note; that it is a contract for her benefit, and is legal,—citing *West* v. *Laraway*, 28 Mich. 464; *Johnson* v. *Sutherland*, 39 Mich. 580; *Post* v. *Shafer*, 63 Mich. 88; *Wineman* v. *Phillips*, 93 Mich. 231; *Gillespie* v. *Beecher*, 94 Mich. 374.   Isolated sentences in these cases tend to sustain the position of counsel; but, when the cases themselves are read, they do not sustain the claim of counsel.

On the part of the contestant, it is said the note was not given in relation to the separate estate of the wife, and that she received no consideration therefor in her own separate right; that the land deeded was not owned by the husband and wife jointly, but as an entirety, and that her estate is not liable,—citing *Russel* v. *People's Savings Bank*, 39 Mich. 671 (33 Am. Rep. 444); *Speier* v. *Opfer*, 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556).   The law is well settled in this State that, where real estate is conveyed to a husband and wife, an estate in entirety is created, and, upon the death of either, the title in fee is in the survivor.   *Fisher* v. *Provin*, 25 Mich. 347; *Manwaring* v. *Powell*, 40 Mich. 371; *Ætna Ins. Co.* v. *Resh*, Id. 241; *Vinton* v. *Beamer*, 55 Mich. 559; *Lewis' Appeal*, 85 Mich. 340 (24 Am. St. Rep. 94).   Mrs. Feather did not acquire any interest in the land which was separate and apart from her husband's interest therein. She could not sell, convey, or devise any interest in the

land, without her husband joining in the conveyance. *Naylor* v. *Minock,* 96 Mich. 182 ( 35 Am. St. Rep. 595 ). In *Russel* v. *People's Savings Bank, supra,* it is held that a married woman's power to make contracts depends upon whether the contract deals with her individual estate. See 2 How. Stat. §§ 6295, 6297. In *Speier* v. *Opfer, supra,* it is held that a contract made by husband and wife for the erection of a building upon real property owned by them jointly cannot be enforced against the wife. The discussion in that case, and the authorities there cited, are directly applicable to this case. The case of *Speier* v. *Opfer* was referred to in *Curtis* v. *Crowe,* 74 Mich. 99, and the doctrine there stated was reaffirmed. In *Caldwell* v. *Jones,* 115 Mich. 129, it is held that a wife is not liable on a note given by her jointly with her husband for the price of a horse purchased by both.

The wife did not obtain such an interest in the land conveyed as to make it a valid consideration for the note.

The judgment is reversed, and no new trial ordered.

The other Justices concurred.