STACK, Respondent, vs. PADDEN, Appellant.

*May 21 — June 20, 1901.*

*Married women: Contracts: Employment of physician.*

A married woman living with her husband and possessing separate property at the time she employed a physician to treat herself and her son is not liable at law (under sec. 2345, Stats. 1898) to pay for such services, even though she intended to charge her separate estate, since the contract did not concern her separate property or business.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action to recover for services of plaintiff as a physician and surgeon, commenced in justice's court May 29, 1899. Judgment was there rendered for $52.81 damages and costs. An appeal was taken to the circuit court. The complaint was in the usual form of a declaration to recover upon an account for the reasonable value of services rendered, claiming that such services were performed on and between June 29, 1890, and November 28, 1890; that the same were reasonably worth $36; that $5 was paid November 1, 1890, $3 June 9, 1893, and $2 July 11, 1893. The answer alleged that defendant was a married woman living with her husband when the services were rendered, and that more than six years had expired since such rendition. Upon the trial on appeal objection was made to any evidence under the complaint. The objection was overruled. The complaint was subsequently amended against objection, so as to allege that when the contract for the services was made defendant had a separate estate and contracted with reference thereto.

The evidence was to the following effect: Defendant requested plaintiff to render the services in question, nothing being said about who would pay therefor or her having separate property, and without plaintiff knowing she had

Stack vs. Padden.

such property.  Such services consisted in treating defend-
ant and her son.  Plaintiff did not know any one in the
transaction was liable to him except defendant, though he
knew she was a married woman living with her husband.
He always looked to the defendant for pay.  She recognized
his claim as her personal debt, and made payments thereon
from time to time as alleged in the complaint, and promised
to pay the entire claim.  She owned considerable property
when the services were contracted for.  The services were
rendered pursuant to several distinct calls upon plaintiff,
the last being on October 12, 1890.  The value of the serv-
ices rendered under the last call was $15.  When defendant
made the several payments, the claim, as an entirety, was
presented to her and was recognized as her personal debt,
and the payments were made without reference to any par-
ticular item thereof.

The court found that the allegations of the complaint
were true; that when defendant contracted with plaintiff
she was a married woman living with her husband and had
a separate estate; and that she contracted with plaintiff with
reference to such estate.  The court decided as matter of
law that plaintiff was entitled to judgment substantially as
prayed for in the complaint, and that the judgment of the
justice's court should be affirmed with costs.  Judgment
was rendered upon the findings, in form affirming the judg-
ment of the justice, and also in form for a recovery of the
defendant of the sum of $52.81, being the amount of the
judgment appealed from, and $18.59 costs.

The cause was submitted for the appellant on briefs by
*E. Blewett,* and for the respondent on the brief of *Giffin &
Sutherland.*

Counsel for the respondent contended, *inter alia,* that a
married woman who contracts for necessaries furnished the
family, or for medical services rendered the family, becomes
personally liable for such necessaries or services if she has

a separate estate, notwithstanding that she may be living
with her husband.  *Tiemeyer v. Turnquist*, 85 N. Y. 516;
*Mayer v. Lithauer*, 58 N. Y. Supp. 1064;  *Campbell v. White*,
22 Mich. 178;  *Fafeyta v. McGoldrick*, 79 Mich. 360; *Meads
v. Martin*, 84 Mich. 306;  *Hirshfield v. Waldron*, 83 Mich.
116;  *Nelson v. Spaulding*, 11 Ind. App. 453.

MARSHALL, J.   Appellant assigns, as reasons why the
judgment should be reversed: (1) The evidence shows that
defendant was a married woman living with her husband
when the debt was contracted, and does not show that it
was contracted with reference to her separate estate intend-
ing to charge the same with the payment thereof; (2) the
claim was barred by the statute of limitations; (3) the
judgment is irregular and unauthorized in that it is, in form,
an affirmance of the judgment for damages and costs ren-
dered in the justice's court.   As we view the case a decision
of the first question renders consideration of the other two
unnecessary.

Under the statutes of this state (secs. 2342, 2345, Stats.
1898) partially removing the common-law disability of mar-
ried women to bind themselves at law by contract, they
may contract as if sole, so far as necessary or convenient to
the beneficial enjoyment of their separate property or the
carrying on of their separate business or in relation to their
personal services.   *Conway v. Smith*, 13 Wis. 125;  *Todd v.
Lee*, 15 Wis. 365;  *Leonard v. Rogan*, 20 Wis. 540;  *Meyers
v. Rahte*, 46 Wis. 655;  *Krouskop v. Shontz*, 51 Wis. 204;
*Mueller v. Wiese*, 95 Wis. 381.  This case does not fall within
the letter or the spirit of such statutes, nor within any case
above cited, nor any other that has been decided by this
court.   The debt sued on was not contracted in the acquire-
ment of property or in the care or use thereof.   We are not
dealing here with the proposition of whether a person cir-
cumstanced as appellant was may bind her separate prop-

erty in equity by a contract like the one sued on, but whether she can bind herself at law. It is not sufficient that a married woman shall merely make a contract intending to charge her separate property; it must concern her separate property or business or personal services. All the contracts of married women involved in the cases cited, which were sustained, were of the latter character. In *Conway v. Smith* the debt was contracted for work and material in the construction of a hotel building belonging to the defendant. In *Todd v. Lee* the debt was contracted for goods for a millinery business. In *Leonard v. Rogan* the debt was contracted for services in reducing to the possession of the defendant her separate estate. In *Meyers v. Rahte* the debt was incurred for merchandise purchased for the defendant's business as a saloon-keeper. In *Krouskop v. Shontz* the indebtedness was contracted for supplies used by the defendant and her husband in carrying on a farm owned by the defendant. All the other cases in this court where the subject has been considered, in which it was held that the contract of a married woman was binding upon her at law, are of the character of those to which we have referred. The proposition here advanced is that power to make such contracts as are necessary or convenient to the beneficial enjoyment of property includes the power to contract generally from the fact that the party contracting has property with which she may discharge liabilities thus incurred. Our statute does not go that far.

Where this court has said that the partial removal of the common-law disabilities of married women, as regards their ability to contract, enables them to make such contracts, binding at law, as may be necessary or convenient to the beneficial enjoyment of their new rights, it refers to contracts in regard to business in its relation to property, not to the power to contract generally, from the mere fact of the possession of property sufficient to discharge contract

·obligations. Otherwise, *Kavanagh v. O'Neill*, 53 Wis. 101; *Emerson-Talcott Co. v. Knapp*, 90 Wis..35; and *Mueller v. Wiese*, 95 Wis. 381, would have resulted in holding the defendant in each case liable upon her contract instead of not liable. Enjoyment of property, merely as a basis for credit which does not otherwise concern property, has nothing to ·do with the care or accumulation of property or use of property as such. The former ·is not and the latter is within the scope of the statute. Counsel cite to our attention numerous decisions from states having statutes different from ours. They have no application to the case in hand and therefore need not be reviewed.

It follows from what has been said that the decision of the trial court, holding defendant liable at law for a debt that in no way concerned her separate property or business, was wrong and must be reversed.

*By the Court.*— The judgment appealed from is reversed, and the cause remanded with directions to render judgment for the defendant for costs.