BREED, Respondent, vs. BREED, Administrator, and others, Appellants.

*April 7—May 2, 1905.*

*Claims against decedents: Contracts of married woman.*

1. A claim filed against an estate, based on the mere personal promise of the decedent, a married woman living with her husband, to pay for certain family expenses which in no wise concerned

or related to her separate property, however much the parties may have contemplated that the personal liability attempted to be assumed was to be satisfied out of such separate estate, presents a contract not within the power of a married woman and one which creates no legal liability.

2. In such case, after trial and verdict in favor of claimant, the court should have granted a motion by the administrator for judgment notwithstanding the verdict.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Claim filed in county court against estate of Catherine M. Breed, alleging that the respondent on March 23, 1898, entered into an oral contract with the deceased and her husband to work and care for them, and for the survivor if either should die, for which they jointly and severally promised to pay her the reasonable value of her services; that the deceased, Catherine M. Breed, died the following day, and that respondent performed such services during that day and continuously until the death of John E. Breed on December 30, 1902, and has been paid only $40.50. The claim was disallowed in county court. Upon appeal to and trial in circuit court the defendants objected to the sufficiency of the complaint, and moved for nonsuit and for direction of verdict on the ground that such contract was invalid by reason of the coverture of Catherine M. Breed; but verdict was rendered in favor of respondent in the sum of $928.50 and interest from the filing of the claim. Thereupon defendant moved for judgment on the evidence and that the verdict be set aside, which being denied and exception saved, he made due motion for new trial, which was denied and judgment entered in claimant's favor for the amount found. The administrator and four of the five children, heirs at law of Catherine M. Breed, appeal therefrom.

For the appellants there was a brief by *F. A. Eberlein,* attorney for the heirs, and *Eberlein & Eberlein,* attorneys for the administrator, and oral argument by *M. G. Eberlein.*

For the respondent there was a brief by *E. L. & E. E. Browne*, and oral argument by *E. E. Browne*.

DODGE, J.   The complaint presents a mere personal promise by a married woman living with her husband to pay for certain family expenses, which in no wise concerned or related to her separate property, however much the parties may have contemplated that the personal liability attempted to be assumed must be satisfied out of such separate estate.   Such a contract is not within the power of a married woman and creates no legal liability.  *Stack v. Padden,* 111 Wis. 42, 86 N. W. 568.   The court should have granted the motion for judgment notwithstanding the verdict.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the order of the county court.

