BAILEY, Appellant, vs. FINK, imp., Respondent.

*September 14—October 9, 1906.*

*Married women: Promissory notes: Liability at law.*

A married woman cannot be charged in an action at law upon a note signed by her with her husband as surety for his debt, where her act in becoming a party to the note was not necessary or convenient to the use and enjoyment of her separate property or to the carrying on of her separate business, and did not relate to her personal services. The facts that the payee changed his position (as by releasing a mortgage on the husband's chattels) on the faith of the wife's signing the note, and that the note specifically stated that she charged her separate estate with the payment thereof, are not available as grounds of liability at law.

APPEAL from a judgment of the municipal court of Racine county: WM. SMIEDING, JR., Judge. *Affirmed.*

Action to recover on a promissory note. The defendant *Anna Fink* answered, among other things, that at the time of the execution of the note she was the wife of the defendant *Charles Fink,* which was well known to the plaintiff; that she signed the note solely as surety for an antecedent debt of her husband; that the note did not concern in any way her separate estate, and that in such signing she did not intend to charge her separate estate. The cause was tried by the court and resulted in findings of fact, in substance as follows: October 17, 1902, defendant *Anna Fink* was the wife of *Charles Fink.* On such day both defendants signed the

promissory note mentioned in the complaint, which was in the following words:

"$944.91.      Mt. Pleasant, Racine Co. Wis., Oct. 17, 1902.

"Three years after date, for value received, we jointly and severally promise to pay to the order of *Ida L. Bailey* the sum of nine hundred forty-four and 91-100 dollars, together with interest thereon at the rate of seven per cent. per annum, interest payable annually, and I, *Anna Fink,* one of the makers of said note, hereby charge my separate estate with the payment of said note.

"Anna Fink.
"Charles Fink."

Defendant *Anna Fink* at that time had a separate estate. She did not receive from the plaintiff anything of value nor any consideration for her act. She signed solely as surety for her husband. Neither the note nor the consideration therefor in any way concerned her separate estate or business. Upon such findings the court concluded that plaintiff was not entitled to judgment against *Anna Fink.* The complaint was accordingly dismissed as to her, with costs.

The plaintiff excepted to the decision that *Anna Fink* did not receive any consideration for signing the note; that she signed it as surety only; and that it did not concern her separate property or business.

For the appellant there was a brief by *Gittins & Burgess,* and oral argument by *Roy Burgess.*

*C. J. Richards,* attorney, and *Wallace Ingalls,* of counsel, for the respondents.

Marshall, J.     The only controversy here is as to whether the findings are supported by the evidence. That must be determined in the light of the familiar rule that the conclusions of a trial court on issues of fact are to be regarded as verities on appeal, unless contrary to the clear preponderance of the evidence.

There is no room for fair controversy on the evidence but

what the note in suit was given to take up one of respondent's husband's, secured by a chattel mortgage on some live stock belonging to him, and that she signed as surety. The contention that the trial court erred in holding that she signed solely as surety, receiving no consideration therefor, and that her act did not in any way concern her separate property or estate, is grounded on evidence to the effect that *Mr. Fink* desired to rent the farm on which he and his wife resided, which belonged to the latter, to a Mr. Kosel and to have him buy the chattel property thereon, which was mortgaged to appellant; that Kosel would not deal that way unless the mortgage was released, and that the note in suit was given for that purpose.

The farm was not rented to Kosel or any one else, so far as appears, so no consideration on that score passed to respondent for her part in the transaction, unless there was one in that appellant surrendered her security on the chattels in consideration of the new note, to remove an existing impediment to renting the farm. It does not seem that the trial court was bound to so find, or to find that the transaction concerned the separate property or business of respondent, since there is ample evidence that Kosel was willing to rent the farm without buying the stock and offered to do so, but that *Mr. Fink* insisted upon his doing both if he took the place. In that situation the court was warranted in deciding that the giving of the note, as regards *Mrs. Fink,* was solely to aid *Mr. Fink* to sell his stock and that she signed as surety merely.

It is insisted that appellant changed her position on the faith of respondent's part in the transaction, and that the latter having declared in the paper that she intended to charge her separate property she should be held liable. It must be borne in mind that this is an action at law,—purely so,—although tried by the court. Respondent could not be charged in that form of action, as this court has repeatedly

held, unless her act in becoming a party to the note was necessary or convenient to the use and enjoyment of her separate property, or to the carrying on of her separate business, or related to her personal services. Mere intention to charge her separate estate, or the existence of equitable grounds for charging it, are not sufficient at law. They are good only in equity. *Emerson-Talcott Co. v. Knapp*, 90 Wis. 34, 62 N. W. 945; *Mueller v. Wiese*, 95 Wis. 381, 70 N. W. 485; *Hollister v. Bell*, 107 Wis. 198, 83 N. W. 297; *Stack v. Padden*, 111 Wis. 42, 86 N. W. 568; *Ritter v. Bruss*, 116 Wis. 55, 92 N. W. 361; *Loizeaux v. Fremder*, 123 Wis. 193, 101 N. W. 423; *Breed v. Breed*, 125 Wis. 100, 103 N. W. 271.

In *Hollister v. Bell, supra,* it was said:

"A married woman's note, given solely for the purpose of securing or paying the debt of a third person, is void at law and not enforcible in equity against her separate property in the absence of some equitable considerations rendering such enforcement, under the circumstances, just."

It was further said that a plain action at law upon a married woman's note cannot be turned into an equitable action and such relief given as is grantable only in equity. Again it was said in *Ritter v. Bruss, supra:*

"When it appeared by the evidence that the defendant" sought to be charged "was a married woman, and that the debt represented by the note was the husband's, there could be no recovery against her in an action at law, unless it was shown that the transaction was necessary and convenient for the use and enjoyment of her separate estate, or the carrying on of her separate business, or in relation to her personal services."

And further, quoting from *Stack v. Padden, supra:*

"It is not sufficient that a married woman shall merely make a contract *intending* to charge her separate property. It must concern her separate property or business or personal services."

So it will be seen that the conditions requisite to a recovery at law against a married woman are all clearly nega-

tived in the findings. As we view the record such findings cannot be disturbed. The chattel mortgage released, as before indicated, was on the property of *Mr. Fink.* The debt represented by the note exchanged for the new note was solely his debt. The evidence warranted the court in concluding that the release was secured solely to facilitate his efforts to close out his stock. If there are equitable considerations for charging the property of respondent, and that she so intended, they are, as has been seen, not available in this action. The fact that the note contains a declaration of such intention is of itself a pretty strong indication that it was not thought when the paper was prepared that respondent's part in the transaction would render her liable at law.

*By the Court.*—The judgment is affirmed.