ROCKWELL, Respondent, vs. ESTATE OF ROBINSON, Appellant.

*September 17—October 6, 1914.*

*Husband and wife: Recovery by husband for services by both: "Individual earnings" of wife: Evidence.*

1. Where a husband, on his own behalf, makes a contract to do certain work with the help of his wife, the amount becoming due for her services belongs to and may be recovered by him, and is not her "individual earnings" within the meaning of sec. 2343, Stats.

2. Findings by the jury to the effect that the contract in this case was not one by which plaintiff and his wife jointly agreed to render services and under which the wife was entitled to recover for her services are *held* to be sustained by the evidence, although it tended to show that when the husband made the contract the wife was also present and he spoke of both doing the work.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an appeal from a judgment for $3,185.26 in favor of the plaintiff for services of plaintiff and his wife rendered to Charles L. Robinson in his lifetime. The jury returned the following verdict:

"(1) Was it agreed between Mr. Robinson and the claimant that the claimant should be compensated for the services rendered by him for the deceased?    *A.* Yes.

"(2) Was it agreed between Mr. Robinson and the claim-

ant that the claimant should be compensated for the services rendered by his wife for the deceased? *A.* Yes.

"(3) What were the services performed by the claimant for the deceased reasonably worth over and above what the claimant received from the deceased prior to his death? *A.* $1,710.

"(4) What were the services of the claimant's wife reasonably worth over and above her board? *A.* $1,710.

"(5) What was the value of the personal property of the deceased received after his death by the claimant? *A.* $392.37.

"(6) What was the value of the real estate of the deceased? *A.* $6,000.

"(7) Did the deceased intend that the personal property covered by the bill of sale should apply as or towards payment for the claimant's services? *A.* Yes.

"(8) Did the deceased intend that the devise to the claimant's wife should apply as or towards payment of the services of the claimant and his wife, or either of them? *A.* No.

"(9) If to the above question you answer 'Yes,' how did he intend it to apply? *A.* Towards payment of ——." -."

The usual motions were made to change the answers in the special verdict and for judgment for the defendant, and that the court make answer to the ninth question as follows: "Towards payment of services of claimant and his wife performed for the deceased." The various motions were denied and judgment on the verdict entered in favor of the plaintiff for $3,027.63 and interest and costs, in all $3,185.26.

*W. W. Hughes,* attorney, and, *D. D. Sutherland,* of counsel, for the appellant, cited sec. 2343, Stats.; *Houghton v. Milburn,* 54 Wis. 554, 564, 12 N. W. 23, 11 N. W. 517; *Kriz v. Peege,* 119 Wis. 105, 95 N. W. 108; *Brickley v. Walker,* 68 Wis. 563, 572, 32 N. W. 773; *McKesson v. Stanton,* 50 Wis. 297, 6 N. W. 881; *Norval v. Rice,* 2 Wis. 22; *Botkin v. Earl,* 6 Wis. 393; *Lillard v. Wilson,* 178 Mo. 145, 77 S. W. 74; *Vincent v. Ireland,* 2 Pennewill (Del.) 580, 49 Atl. 172; *Arnold v. Rifner,* 16 Ind. App. 442, 45 N. E. 618; *Elliott v. Atkinson,* 45 Ind. App. 290, 90 N. E. 779;

*Ashley v. Smith's Estate,* 152 Mich. 197, 115 N. W. 1052; *Turner v. Davenport,* 63 N. J. Eq. 288, 49 Atl. 463.

*T. L. Doyle,* for the repondent, argued, among other things, that if the undertaking was a joint one on the part of the husband and wife, the earnings of the wife's services therein cannot be her individual earnings under sec. 2343, Stats. Cent. Dict. "Individual;" Black, Law Dict. "Joint;" *Emerson-Talcott Co. v. Knapp,* 90 Wis. 34, 62 N. W. 945; *Mason v. Dunbar,* 43 Mich. 407, 5 N. W. 432; *Neale v. Hermans,* 65 Md. 477, 5 Atl. 424; *Pofferberger v. Pofferberger,* 72 Md. 321, 19 Atl. 1043; *Seitz v. Mitchell,* 94 U. S. 580; *Fuller & Fuller Co. v. McHenry,* 83 Wis. 573, 53 N. W. 896; *Gallagher v. Mjelde,* 98 Wis. 509, 74 N. W. 340.

KERWIN, J.    The contention on the part of the appellant is that the contract with Robinson, the deceased, was a joint contract between plaintiff and his wife and said Robinson, and that the wife of plaintiff, under such contract, was entitled to recover for the services performed by her. This is the real point of controversy in the case. Issue was framed upon it and submitted to the jury in the special verdict and found against the appellant. Point is made that error was committed below in not submitting to the jury two questions requested. But the questions submitted covered the issues and were in better form than those requested, so there was no error under this head.

The appellant set up the defense that the contract was a joint contract by plaintiff and his wife on the one part and Robinson on the other, and that the action could not be maintained by the plaintiff alone. This question was in substance submitted to the jury and found against the appellant upon sufficient evidence. True, the evidence tends to show that when respondent made the contract he spoke of both, he and his wife, doing the work, and that both were present when the contract was made and the talk was that "they,"

respondent and his wife, would stay with deceased and take care of him. But it is clear that the jury was warranted in drawing the inference that the respondent was on his own behalf making the contract to do the work with the help of his wife, and under all the evidence the jury was well warranted in finding, as it did, that the claimant should be compensated for the services rendered by his wife. Counsel for appellant makes a very vigorous argument, relying upon authorities in this and other courts, to the effect that the money accruing for the services performed by the wife was her individual earnings. It is true our statutes, sec. 2343, provide:

"The individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ or payable by him, shall be her separate property and shall not be subject to her husband's control or liable for his debts."

But the difficulty with this argument is that under the findings of the jury, supported by the evidence, the money in question was not the individual earnings of the wife, but belonged to her husband under his contract with deceased Robinson. *Emerson-Talcott Co. v. Knapp,* 90 Wis. 34, 62 N. W. 945.

Error is assigned on the charge. We have carefully examined the part of the charge excepted to and complained of and find no error in it.

*By the Court.*—The judgment is affirmed.