FARMERS & MERCHANTS BANK, Respondent, vs. FREDERIKSEN, imp., Appellant.

*March 8—April 5, 1921.*

*Husband and wife: Separate estate of wife: Wife as creditor of husband: Liability upon note signed with husband: Evidence: Recitals in note.*

1. In an action at law upon promissory notes, a married woman may successfully assert her common-law inability, by reason of coverture, to make a binding promise to pay money, unless the circumstances bring her within the intent and meaning of the enabling statutes, particularly sec. 2345, Stats., giving a married woman the rights of a *feme sole* as to her separate property.

2. The fact that a wife was a creditor of her bankrupt husband did not give her such an interest in his financial welfare and business as would make her liable on a note with him under said sec. 2345.

3. The words "I hereby pledge my separate estate," written on the face of a note just above the signature of a married woman, do not place such note in any better position, so far as the rights of the holder are concerned, than other notes without such declaration.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Reversed,*

The defendants married in 1905. Prior thereto the appellant had owned and conducted a furniture store, and shortly afterwards the appellant sold the same to the defendant J. G. Frederiksen, and he agreed to pay her therefor the inventory price of about $2,800. He carried on the same, greatly enlarged it, and also built a homestead for the family.

At different times between October 2, 1907, and April, 1913, the appellant loaned to her husband over $20,000, all of which he agreed to repay to her.

In April, 1913, the plaintiff bank loaned to the defendant J. G. Frederiksen $700 which was used by him in his business and for which he gave his promissory note signed by the two defendants, the words, "I hereby pledge my separate estate," being written on the face of the note and just above the signature of the appellant. Such note was renewed in the same form in April, 1914, and again in April, 1915.

Another loan of $1,000 was made on September 24, 1914, by plaintiff and the proceeds placed to the husband's account and used by him in his business. This was signed by both defendants. It was renewed in the same form in November of the same year, again in March, 1915, and again in March, 1916. Plaintiff further loaned $600 December 13, 1915, placed the same to the credit of the husband, and it was used by him. This was evidenced by a promissory note signed by the appellant wife only. No representations were made by appellant to plaintiff and no conversation was had between them with reference to this matter.

In 1916 the defendant husband went through bankruptcy. The appellant filed a claim for over $33,000, which by stipulation and proceedings therein was finally allowed at the sum of $23,897.75, which included the liability of the husband to her for the purchase price of the business in

1905 and the several loans by her. The plaintiff also filed in said bankruptcy proceedings its claim based upon defendants' three loans above stated, including the one of $600 for which the note signed by appellant alone had been given, and other transactions. A fifteen per cent. dividend was paid by the bankrupt.

This action was then brought by the plaintiff against the husband and wife, defendants herein, for the balance due upon the last renewal notes for the $1,000 and the $700 respectively and the note of December, 1915, for $600. The appellant asserted nonliability on the grounds of her being a married woman and that she had incurred no liability affecting her separate property.

A special verdict was submitted, which was answered in substance as follows: (1) That the separate property of the defendant *Eugenia Frederiksen* was benefited by the loans in question; (2) that the money obtained by such loans was necessary for the use and enjoyment of her separate property; (3) that the money obtained on the loans was convenient for her use and enjoyment of her separate property.

Appropriate motions were made by both sides after verdict. Upon the hearing of such motions the court made his findings of fact to the effect that the appellant wife did not have any interest as owner in the undertaking and furniture business of her husband and that he was the sole owner thereof; that the defendant husband was the sole owner of the homestead and of the store building and lot upon which the store building was situated; that the appellant did not directly receive any part of the proceeds of either of the loans, and that she acquired or had no control whatever personally over said bank account or the proceeds from said loans, and also that the officers of the bank knew that the proceeds of the said loans were directly credited to the account of the husband. Thereupon judgment was ordered in favor of the plaintiff as against both defendants

for the amounts due under all said notes, with costs and disbursements. From the judgment, so far as it affected her, the defendant wife has appealed.

For the appellant there was a brief signed by *James F. Trottman,* attorney, and *Trottman & Trottman,* of counsel, all of Milwaukee; and the cause was argued orally by *Nelson S. Trottman.*

For the respondent there was a brief by *Carbys & Kenny* of Milwaukee and *William F. Schanen* of Port Washington, and oral argument by *J. O. Carbys* and *Frank C. Kenny.*

ESCHWEILER, J. This being an action at law to recover upon promissory notes signed by the appellant, a married woman, she is entitled to successfully assert her common-law inability by reason of her coverture to make a binding promise to pay money unless and except the circumstances in this case are such as to bring her within the intent and meaning of the enabling statutes and particularly sec. 2345, Stats. This latter is to the effect that every married woman may sue in her own name and have all the remedies of an unmarried woman in regard to her separate property, business, and earnings, and also provides that she "shall be liable to be sued in respect to her separate property or business, and judgment may be rendered against her and be enforced against her and her separate property in all respects as if she were unmarried."

It is undisputed in this case that she was not the owner of either the homestead or the real estate upon which the store building was placed, nor of the furniture and undertaking business conducted by her husband. These all belonged to the husband. The proceeds from these notes were used by the husband in the carrying on of the business and undoubtedly may be considered as having enabled him to either postpone the time of his bankruptcy, which but for such loans might have occurred earlier, or increased the amount of the dividend that his estate was enabled to pay the

creditors over that which would have been otherwise realized.

It is a conceded fact that at the time of the loans for which the notes in suit were originally given, the husband did not have property sufficient to meet all his obligations, including the amounts he then owed his wife. It is also not disputed that she had a separate estate consisting largely in stock of a corporation.

It is contended by respondent that the judgment against the wife can be supported on the theory that she, being a creditor of the husband, had such an intangible but substantial interest in his financial welfare and business that it was in the nature of such a property right in her as should be considered her separate property and estate within the meaning of the statute. That these loans being for the purpose of furthering his financial welfare, she as such creditor should have been deemed to have signed the various promissory notes for the loans to her husband for the purpose of and with the intent to benefit such suggested property right or interest of her own and that therefore she is liable.

Although manifestly the financial welfare of a husband is a matter of proper concern and interest to any wife, either with or without separate property, and his continuation in financial success naturally lessening any imperative calls upon her own resources, if any such she have, for her own or the family's support or well-being, yet such an interest and concern has not, in any decisions that we have found, been recognized as rising to the dignity of such a property right as would come within such a statute as is quoted above.

An obligation whereby a business conducted by the husband is to be continued in the joint names of the husband and wife is not sufficient to bind her to such an obligation. *Emerson-Talcott Co. v. Knapp,* 90 Wis. 34, 36, 62 N. W. 945. Her beneficial interest in a life insurance policy pledged by the husband to secure their joint note is not suf-

ficient. *Mueller v. Wiese,* 95 Wis. 381, 70 N. W. 485. Being a stockholder in a corporation is not sufficient to give validity to her guaranty of a note of the corporation as being a benefit to her interest as a stockholder. *Russel v. People's Sav. Bank,* 39 Mich. 671; 13 Ruling Case Law, 1301.

The possible incidental benefit to the real estate owned by a married woman by the location of a proposed business block in the vicinity is not sufficient to give validity to her subscription to a fund for that purpose. *Detroit C. of Comm. v. Goodman,* 110 Mich. 498, 68 N. W. 295. Property bought jointly by a husband and wife will not sustain liability on her part on a joint note for the same. *Doane v. Feather's Estate,* 119 Mich. 691, 78 N. W. 884.

The facts here do not bring this case within the holding in *Citizens State Bank v. Cayouette,* 169 Wis. 192, 172 N. W. 320, as is claimed by respondent. In that case the wife's real estate was directly benefited by the transaction.

We are constrained to hold, therefore, that the evidence does not support the findings of the jury or the judgment entered thereupon.

The words appearing on one of the notes above her signature indicating a pledging of her separate estate do not place such note in any better position, so far as the rights of the plaintiff are concerned, than the other notes which are without such declaration. *Ritter v. Bruss,* 116 Wis. 55, 58, 92 N. W. 361; *Bailey v. Fink,* 129 Wis. 373, 375, 109 N. W. 86.

We find no ground upon which any doctrine of estoppel could be successfully invoked against the appellant.

It follows that the motions of the appellant for a nonsuit or for a verdict in her favor should have been granted and the action dismissed as to her.

*By the Court.*—Judgment reversed.