JARZEMBINSKI *v.* PLODOWSKI.

1. HUSBAND AND WIFE — MARRIED WOMEN — SEPARATE ESTATE — BILLS AND NOTES—LIABILITY OF WIFE.

The separate estate of a married woman was not so benefited by money paid on a house owned by her and her husband by the entireties as to render her liable in an action on the promissory note given therefor by them.

2. SAME—CERTIORARI—DISMISSAL.

Where the judgment in justice's court against the wife

should have been set aside, the writ of certiorari removing the case to circuit court for review should not have been dismissed by the circuit court.

Error to Wayne; Mandell (Henry A.), J. Submitted October 9, 1923. (Docket No. 59.) Decided November 13, 1923.

Assumpsit in justice's court by Frank Jarzembinski and another against Helen Plodowski and another on a promissory note. There was judgment for plaintiffs, and defendants removed the case to the circuit court by writ of certiorari. From an order dismissing the writ, defendants bring error. Reversed.

*Cass J. Jankowski,* for appellants.

MOORE, J. This case was commenced in justice's court where the plaintiffs declared on all the common counts in assumpsit, and especially upon a promissory note signed by Helen Plodowski and her husband. The defendants pleaded the general issue with notice of special defense by the defendant Helen Plodowski, that she was a married woman when she signed the note. The testimony of Mrs. Jarzembinski, who furnished the money for which the note was given, is in effect that Mr. Plodowski wrote her a letter in which it was said:

"I want to open up a store Saturday and must make a payment on the house of $500 and I am short $300, for which amount I asked the wife to go and make an arrangement for the loan."

We quote:

"*Q.* You received the letter from Felix Plodowski?
"*A.* Yes.
"*Q.* After you received the letter, this money was given?

"*A.* After I received the letter the money was given.

"*Q.* Upon this note?

"*A.* Upon this note.    *    *    *

"*Q.* That is what this money was given for, that is what he told you?

"*A.* Yes, he had the money to pay on the house debts, because he supposed to throw him out from the house.

"*Q.* The house was owned by him and his wife jointly?

"*A.* Yes.

"*Q.* He wanted this money to pay on the house?

"*A.* Yes."

The house was owned by Mr. and Mrs. Plodowski by the entireties.

A judgment was rendered against both defendants in the sum of a little more than $300.    The case was removed to the circuit court by certiorari, where the writ was dismissed and it is sought to review the case in this court by writ of error.

The question presented is whether the separate estate of Mrs. Plodowski was so benefited as to make her signing of the note such an act as to justify the rendering of a judgment against her.    We think an answer in the negative to that inquiry is made in *Doane* v. *Feather's Estate,* 119 Mich. 691, and that portion of an opinion written by Justice SHARPE in the case of *Fitzgerald* v. *Garson Productions,* 221 Mich. at pp. 90, 91.

The writ of certiorari should not have been dismissed, but the judgment in justice's court against Mrs. Plodowski should have been set aside.

The case is reversed, with costs to the appellants, and the judgment against Mrs. Plodowski is set aside.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.