FARMER *v.* BEST.

1. LANDLORD AND TENANT—ORAL CONTRACT FOR LEASE—REFUSAL TO PERFORM—RESCISSION.

Refusal to execute a life lease to plaintiff and her husband pursuant to an oral agreement, after plaintiff had fully performed on her part by expending money in repairing the premises in reliance thereon, was refusal to perform rather than "rescission" on defendant's part, but it afforded ground for rescission by plaintiff.

2. SAME—BREACH—RESCISSION ENTITLED PLAINTIFF TO RECOVER MONEY EXPENDED UNDER ORAL CONTRACT.

When plaintiff was fully satisfied that defendant would not execute the life lease, plaintiff, by moving out and restoring to defendant all that plaintiff had received, thereby rescinded the contract, and was in position to recover back the money she had expended in his behalf.

3. SAME—TENANTS AT WILL.

Where plaintiff and her husband moved into a dwelling house under an oral agreement that if she would repair and improve the property defendant would execute to them a life lease, and, after performance on her part and refusal by defendant to perform, if plaintiff and her husband had remained in possession, they would have been tenants at will or by sufferance and subject to eviction upon notice.

4. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN AGAINST CLAIM FOR MONEY EXPENDED FOR DEFENDANT'S BENEFIT AT HIS REQUEST.

Where defendant's wife assured plaintiff that a life lease would be executed pursuant to an oral agreement under which plaintiff had moved in and expended money in repairing and improving the property, after defendant had refused to execute it, plaintiff was not bound to accept as final defendant's refusal, and while she was in possession with reason to hope that the lease would be given the statute of limitations did not run against her right to recover the money so expended, but it

began to run when she moved out and thus rescinded the contract, rendering defendant liable for the money plaintiff had expended in his behalf and at his request.

5. LANDLORD AND TENANT—REFUSAL TO EXECUTE LEASE NOT OUSTER. Defendant's refusal to execute a life lease to plaintiff pursuant to an oral agreement, after full performance on her part, did not constitute an ouster.

6. SAME—REMEDIES WHERE LANDLORD BREACHED ORAL CONTRACT TO EXECUTE LEASE AFTER RECEIVING BENEFIT OF REPAIRS. Where defendant refused to execute a life lease pursuant to an oral contract after full performance by plaintiff, the latter could have brought action for breach of contract, but was not bound to elect such remedy, nor was she limited to the remedy of specific performance; and, upon rescission of the contract by her, defendant was obligated to pay her the money expended by her, and she was not limited to a recovery upon the *quantum meruit*.

7. HUSBAND AND WIFE—DECEASED WIFE'S ESTATE NOT NECESSARY PARTY, WHERE WIFE, IF LIVING, COULD NOT BE HELD LIABLE. Deceased wife's estate was not a necessary party to an action to recover money expended by plaintiff in repairing and improving a dwelling owned by the husband and wife by the entireties under an oral contract with them, brought after defendant's refusal to perform and plaintiff's rescission of the contract, since the wife, if living, could not be held liable therefor; it not relating to her separate property.

8. SAME—HUSBAND NOT NECESSARY PARTY TO ACTION BY WIFE TO RECOVER MONEY BELONGING TO HER. Plaintiff's husband was not a necessary party to an action by her to recover money expended by her in repairing and improving a dwelling under an oral contract that defendant would execute to plaintiff and her husband a life lease, brought after defendant's refusal to perform and plaintiff's rescission of the contract, since the action is to recover plaintiff's money and not her husband's.

Error to Oakland; Doty (Frank L.), J. Submitted January 10, 1929. (Docket No. 52, Calendar No. 33,856.) Decided March 29, 1929.

Assumpsit by Carrie Farmer against Andrew Charles Best for money expended in defendant's behalf and at his request. Judgment for plaintiff. Defendant brings error. Affirmed.

*Sylvester Pheney,* for plaintiff.

*C. E. Miner* and *George A. Cram,* for defendant.

WIEST, J. This is an action in assumpsit to recover money expended by plaintiff in repairing and improving a dwelling house owned, at the time of the repairs, by the defendant Andrew Charles Best and Myrtle Best, husband and wife, by the entireties.

Before suit Mrs. Best died and Mr. Best became owner of the premises by right of survivorship. Mrs. Best was plaintiff's daughter. Plaintiff claims that, in 1920, she and her husband, then both aged, entered into a verbal agreement with Mr. and Mrs. Best, under which they were to move into and occupy the Best dwelling house jointly with the Bests and repair and improve the premises and have a life lease thereof; that they moved into the Best home and plaintiff expended $2,229.03 of her own money in making repairs and improvements, and then requested execution of the life lease; that Mrs. Best was willing to execute such a lease, but Mr. Best, on March 11, 1921, made absolute refusal, and the next day plaintiff and her husband moved out. March 9, 1927, or six years, lacking two days, after moving out, plaintiff brought this suit to recover the money she had so expended upon the property. Defendant pleaded the general issue and gave notice of the statute of limitations. Upon trial, by jury, plaintiff had verdict and judgment. Defendant's motions for a directed verdict, and for judgment

notwithstanding the verdict, were denied. Review here is by writ of error.

At the trial defendant asserted want of necessary parties plaintiff and defendant, in that, if the contract was made, Mr. Farmer was a party to the agreement, and Mrs. Best was also a party, and, therefore, Mr. Farmer should have been joined as a plaintiff and the estate of Mrs. Best made a party defendant.

The declaration in one count set up the alleged verbal agreement, thereby showing the occasion under which the money was expended, and in another the money counts in assumpsit.

In the brief of counsel for plaintiff it is stated:

"This action is brought under the equitable count for money had and received, to recover back the purchase price paid by the plaintiff as the consideration for a life lease, under a parol executory contract fully performed on her part, but rescinded by the defendant by his illegal ouster of plaintiff, after he had put her in possession, and after he had refused to deliver the life lease as agreed.

"In other words: In consequence of his unlawful ouster, there was a failure of consideration for the purchase money, which she had paid, and the defendant became liable to pay it back to her under the equitable count for money had and received."

The statement is somewhat contradictory. Defendant did not rescind the contract; he refused to perform, while keeping the benefits, and such was a breach on his part and not rescission by him; neither could he rescind and keep the benefits. It is a misnomer to say that defendant rescinded the contract. The refusal of defendant afforded ground for rescission by plaintiff. Plaintiff had right of rescission when she moved out and restored full

possession of the premises to defendant. If plaintiff has the right to recover her money it is based upon rescission or cancellation of the contract because of defendant's refusal to perform. When plaintiff was fully satisfied that defendant would not execute the life lease she moved out and thereby restored to defendant all she had received, and then was in a position to hold defendant, if he was individually liable, to pay back the money expended in his behalf.

Refusal by defendant to execute the lease, vacation of the premises by plaintiff, and rescission, all occurred during the life time of Mrs. Best, for she lived about five years after right of action accrued to plaintiff. When defendant refused to execute the life lease, plaintiff and her husband, had they remained, would have been tenants at will or by sufferance, and subject to eviction upon notice. Without waiting for notice and eviction, plaintiff removed from the premises. While in possession of the premises, plaintiff could not sue as upon rescission. She might have accepted as final earlier refusals of defendant to execute the lease, but, if she had reason to hope that the lease would be given, it constituted no running of time against her right to maintain an action accruing only upon failure to obtain the agreed lease and surrender of possession. The testimony discloses assurances given by Mrs. Best to her mother that the lease would be given. Under such circumstances plaintiff was not bound to accept as final Mr. Best's refusal until the one in which he made it too plain for further solicitation that no lease need be expected. Defendant's refusal to execute the lease did not constitute rescission by him, but it did afford ground for rescission by plaintiff, and, when she moved out and surrendered possession of the premises to de-

fendant, then, at that time and by such action, there accrued a different right and remedy than fulfillment of the contract. Then defendant was liable for the first time for the money plaintiff expended in his behalf and at his request under a contract rescinded because of his refusal to perform.

Plaintiff alleged an ouster by conduct and acts of defendant. This record does not show an ouster of plaintiff. Defendant's conduct about the house constituted no ouster. When plaintiff finally found she could not obtain the life lease she moved out. In its last analysis the case is one of a verbal agreement, validated by performance by plaintiff and refusal of performance by defendant. Plaintiff could have brought and maintained an action for breach of the contract, but was not bound to elect such remedy. Plaintiff's remedy was not limited to a bill in chancery for specific performance. Upon rescission, defendant was obligated to pay the money expended at his request, and the damages recoverable by plaintiff are not confined to benefits conferred by the repairs and improvements. Upon rescission, the contract disappeared and the law raised, by implication, the promise by defendant to repay the money expended upon the property at his request and for his benefit. Plaintiff was not limited to a recovery upon the *quantum meruit.*

The estate of Mrs. Best was not a necessary party defendant. If living, Mrs. Best could not be held liable under the contract even, for the agreement did not relate to her individual estate. *Doane* v. *Feather's Estate,* 119 Mich. 691; *Jarzembinski* v. *Plodowski,* 225 Mich. 104. Mr. Farmer was not a necessary party plaintiff. This is not a suit to recover his money. It must be understood that this suit is based upon rescission, and not for specific

performance, or for damages for breach of contract, which would involve the value of the life lease, or upon the *quantum meruit*, which would limit the damages to the benefits conferred.

Rulings upon evidence have been considered and found to present no reversible error.

There has been no miscarriage of justice, and the judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.